PEOPLE v BLACHURA

Opinion of the Court

1. Grand Jury—Witnesses—Right to Counsel—Statutes.

    A statute which provides that a witness before a one-man grand
    jury is entitled to have his attorney present in the grand jury
    room is inapplicable to proceedings of a citizens' grand jury
    (MCLA 767.3).

2. Grand Jury—Witnesses—Right to Counsel.

    A witness is not entitled to have his attorney present in the room
    when being questioned by a citizens' grand jury where the
    proceeding is not accusatory but is a general inquiry, it does
    not focus on the witness in the area of the investigation, and
    the witness is not in police custody.

3. Grand Jury—Witnesses—Right to Counsel—Equal Protection.

    The significant differences between proceedings before a one-man
    grand jury and a citizens' grand jury are ample justification for
    granting a witness before a one-man grand jury the right to
    have counsel present in the room where the inquiry is held and
    the denial of that right to a witness before a citizens' grand
    jury.

4. Perjury—Defenses—Coercion—Duress—Jury Question.

    The defense of coercion and duress to a charge of perjury creates
    an issue for jury determination.

Concurrence by N. J. Kaufman, J.

5. Grand Jury—Witnesses—Right to Counsel—Prosecutor's Con-
   duct.

    *The presence of a witness's counsel is not constitutionally or
    statutorily mandated in a general investigatory proceeding
    before a grand jury, but when the witness is denied counsel the*

References for Points in Headnotes

[1–3, 5] 38 Am Jur 2d, Grand Jury § 35.

[4] 25 Am Jur 2d, Duress and Undue Influence § 34.

   60 Am Jur 2d, Perjury § 18.

*prosecutor must guard against conduct and questioning which
may be so coercive as to require dismissal of a subsequent
charge of perjury.*

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 March 6, 1975, at Lansing. (Docket No. 13627.) Decided March 24, 1975. Leave to appeal denied, 394 Mich —.

Leon Blachura was convicted of perjury. New trial granted. The people appeal by leave granted. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Marvin S. Shwedel,* Special Prosecuting Attorney, for the people.

*Zemke & Lustig,* for defendant.

Before: QUINN, P. J., and BASHARA and N. J. KAUFMAN, JJ.

QUINN, P. J. Defendant was indicted by a grand jury for perjury. Tried by a jury, he was convicted on five of the six counts contained in the indictment. Defendant moved for a new trial which was granted as to counts 1 and 2; counts 3 through 6[1] were quashed. On leave granted, the people appeal.

Defendant was called as a witness before a grand jury which was investigating alleged wrongdoing and conflict of interest in the office of the county drain commissioner. Defendant's attorney was present but was not in the grand jury room. Defendant was advised of his right to consult with his attorney.

---

[1] Defendant was acquitted on count 3 and reference to that count in the trial judge's opinion is obviously erroneous.

Although the trial judge found that none of the grounds alleged as basis for a new trial were applicable to counts 1 and 2, he granted a new trial as to them because the reasons for quashing counts 4 through 6 affected the validity of the trial on all counts. We now examine those reasons.

The trial judge held that defendant was entitled to have his attorney present in the grand jury room on the basis of the statute, MCLA 767.3; MSA 28.943, and on *Escobedo v Illinois*, 378 US 478; 84 S Ct 1758; 12 L Ed 2d 977 (1964), and *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966). Neither basis supports the holding. (Appellee seems to concede this in his brief at page 28.)

The statute relied on relates to proceedings before a one-man grand jury. The grand jury which indicted defendant was a citizens' grand jury and the controlling statute is MCLA 767.19e; MSA 28.959(5). This statute provides right of counsel to a witness granted immunity and requires counsel's presence when the witness is being questioned concerning matters included within the grant of immunity. This specific statute on right to counsel in citizens' grand jury proceedings leads to the conclusion that the statute relied on by the trial judge is inapplicable in this case and applies only to one-man grand jury proceedings.

There is nothing in this record which requires or justifies application of the principles announced in *Escobedo* and *Miranda, supra.* The grand jury proceeding was a general inquiry, not accusatory. It never focused on defendant in the area of the investigation and defendant was not in police custody. Defendant's problem arose not from the denial of any of his rights but from his own testimony. Even assuming denial of some of defend-

ant's rights, this would not grant him a license to commit perjury, *People v Ianniello,* 21 NY2d 418; 288 NYS2d 462; 235 NE2d 439 (1968).

Defendant contends that the right of a witness before a one-man grand jury to have counsel present in the room where the inquiry is held and the denial of that right to a witness before a citizens' grand jury denied defendant equal protection of the law. The significant differences between proceedings before a one-man grand jury and a citizens' grand jury are ample justification for this disparity in a witness's right to counsel depending on the type of grand jury he is called before.

The record does not support the finding of the trial court that defendant was denied access to his attorney outside the grand jury room. If it did, defendant did not have a license to commit perjury, *Ianniello, supra.*

The trial judge further held that defendant's testimony before the grand jury was the product of "star chamber coercion and duress". If the record supports this holding, the defense of coercion and duress to a charge of perjury creates an issue for jury determination, *People v McClintic,* 193 Mich 589, 602; 160 NW 461, 465 (1916).

Reversed. Jury verdicts are reinstated. Remanded for sentencing.

N. J. KAUFMAN, J. *(concurring),* I concur in the result reached in the majority opinion. However, the conduct of the prosecutor in questioning the defendant should not pass without comment.[1] In

---

[1] Set forth below is an example of the type of questioning to which this opinion refers:

"*A.* Excuse me, can I have a glass of water?

"*Q.* That is the judge's water there.

"*A.* Do you have some? Will you excuse me? I will be right back.

"*Q.* You are not excused.

"*A.* I would like to see my attorney.

the well-reasoned opinion of *People v Ianniello,* 21 NY2d 418, 425; 288 NYS2d 462; 235 NE2d 439 (1968), the court stated:

"Whenever a witness demands to see his lawyer for counselling concerning his legal rights (as opposed to mere strategic advice), he should be given an opportunity to do so."

Pennsylvania has also recognized the right of a witness to consult with his attorney, but balances that right against the possibility of undue delay and interruption of the proceedings. *Commonwealth v McCloskey,* 443 Pa 117; 277 A2d 764 (1971). One might counter that the better solution to such undue delay is to allow counsel to be present during the examination.[2] However, I am in agreement with the majority that the presence of counsel is not constitutionally or statutorily mandated in a general investigatory proceeding before the grand jury. *In re Groban,* 352 US 330; 77 S Ct

*"Q.* For what reason? What question have you been asked that is troubling you?

*"A.* The other questions you gave me. I will be right back. Would you excuse me?

*"Q.* You mean there is a question that I have asked you that you feel is going to incriminate you to such—

*"A.* It may, yes.

*"Q.* That you must confer with your attorney?

*"A.* It may, yes.

*"Q.* What question is it?

*"A.* I will have to remember that when I get out there. I can't remember that right now.

*"Q.* All right, you are excused."

[2] Several states have provided a statutory right to counsel in a grand jury proceeding. Kan Stat Ann § 22-3009; Utah Code Ann § 77-19-3; Rev Code Wash § 10.27.080, .120. Indeed, as the majority points out, in a one-man grand jury situation, Michigan provides the right to counsel in the proceedings, MCLA 767.3; MSA 28.943. For a critical comment on the denial of the right to counsel in the proceedings, see A.L.I., Model Code of Pre-Arraignment Procedure § 340.3 (Tent. Draft No. 5 1972).

510; 1 L Ed 2d 376 (1957); MCLA 767.19e; MSA 28.959(5).

When counsel is denied the witness, however, the prosecution must be careful to avoid abusive and coercive questioning, against which an uncounselled witness is particularly helpless. When a witness requests the opportunity to speak with his counsel, the prosecutor may determine that it is for a proper purpose and not merely a delaying tactic. *Ianniello, supra.* However, when the prosecutor inquires into the substance of the witness's conversation with his attorney he comes dangerously close to invading the attorney-client privilege. As an officer of the state and of the courts[3], the prosecutor has a duty to avoid error and respect basic rights of witnesses.

On balance, the prosecutorial conduct in this case does not deserve the description of "star chamber coercion and duress" which the trial judge labeled it. But a prosecutor in grand jury proceedings should be on notice to guard against conduct and questioning which may be so coercive as to require dismissal of a charge of perjury. See *People v Allen,* 15 Mich App 387; 166 NW2d 664 (1968).

---

[3] For a discussion of the dual function served by the prosecutor in the grand jury proceedings, see 39 U Chi LR 761, 765 (1972).