PEOPLE v BLACHURA

Docket No. 56979. Argued May 4, 1976 (Calendar No. 6).—Decided
   June 3, 1976.
   Leon Blachura was convicted by a jury in Oakland Circuit Court,
   Arthur E. Moore, J., of five counts of perjury in testimony
   before a citizens' grand jury investigating the Oakland County
   Drain Commission Office. The prosecutor had advised the de-
   fendant that he could consult his attorney outside the grand
   jury room in deciding whether to answer questions asked before
   the grand jury, and the defendant had so consulted his attor-
   ney. The trial court granted defendant's motion for a new trial
   on the ground that he had a right to have counsel present in
   the grand jury room, and quashed counts of the indictment
   based on his testimony after he was denied the presence of
   counsel. The Court of Appeals, Quinn, P. J., and Bashara, J.
   (and Kaufman, J., concurring), reversed and remanded for
   sentencing (Docket No. 13627). Defendant appeals. *Held:*
       The defendant consulted his attorney outside the hearing
   room and did not request that the attorney be present in the
   grand jury room. The issue is not properly preserved for review
   and leave to appeal was improvidently granted.
       The appeal is dismissed and remanded to circuit court for
   sentencing.
   Case reported below: 59 Mich App 664; 229 NW2d 877 (1975).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Marvin S.
Shwedel,* Special Assistant Prosecuting Attorney,
for the people.

*Richard M. Lustig* for defendant.

PER CURIAM. We granted leave in this case to
consider whether defendant Blachura had the

right to the presence of counsel during a citizens' grand jury proceeding.[1]

The defendant testified before a citizens' grand jury.[2] As a result of his testimony, the grand jury indicted him on six counts of perjury; a petit jury later convicted him on five of the six counts. The trial judge granted the defendant's motion for new trial on two counts and quashed the other three counts. The Court of Appeals reinstated the jury verdicts.[3]

During this general, investigatory proceeding, the defendant's attorney was outside the grand jury room, and the defendant was advised of his right to consult with his attorney;[4] he did so on several occasions. The defendant did not request that his attorney be present in the grand jury room.

The record discloses that the issue has not been properly preserved for review and therefore warrants no further study. We conclude that leave to appeal was improvidently granted. *DePew v De-*

---

[1] MCLA 767.7 *et seq.;* MSA 28.947 *et seq.* Consequently, the proceedings must be contrasted with the one-man grand jury which includes the statutory right to have one's attorney present in the grand jury room. MCLA 767.3; MSA 28.943. *See United States v Mandujano,* — US —; 96 S Ct 1768; 48 L Ed 2d 212 (1976), in which four justices of the United States Supreme Court said that "the witness may not insist upon the presence of his attorney in the grand jury room".

[2] An Oakland County grand jury was convened to investigate allegations of criminal misconduct in the Oakland County Drain Commission's Office, and defendant was called to testify April 26 and May 3, 1971.

[3] *People v Blachura,* 59 Mich App 664; 229 NW2d 877 (1975). We first had considered the propriety of the Court of Appeals order granting the prosecutor's application for leave to appeal. 390 Mich 326; 212 NW2d 182 (1973). Defendant has not yet been sentenced.

[4] The prosecutor advised the defendant that "if for any reason you felt that a question would require you to incriminate yourself * * * , then you may step outside the hearing room and * * * [defense counsel] may advise you on whether or not to answer the question, okay?"

*Pew,* 373 Mich 162; 128 NW2d 533 (1964); *Sinnott v Noble,* 390 Mich 91; 211 NW2d 842 (1973); *People v Watson,* 390 Mich 732; 212 NW2d 708 (1973).[5] The appeal is dismissed, and the cause remanded to the Oakland Circuit Court for imposition of sentence.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, LINDEMER, and RYAN, JJ., concurred.

---

[5] Similarly, *see McClanahan v Morauer & Hartzell, Inc,* 404 US 16; 92 S Ct 170; 30 L Ed 2d 136 (1971); *Johnson v Massachusetts,* 390 US 511; 88 S Ct 1155; 20 L Ed 2d 69 (1968); *Atchley v California,* 366 US 207; 81 S Ct 1051; 6 L Ed 2d 233 (1961).