## 46299. THE STATE v. BYMES.
### (375 SE2d 41)

GREGORY, Justice.

In April, 1986 the appellee, Melvin Bymes, was arrested for the murder of Kenneth Ray High. While in custody the appellee was advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), and after indicating he did not wish to speak except through an attorney, counsel was appointed to represent appellee. No further questioning took place.

In October, 1986 the grand jury returned a "no bill" of indictment and appellee was released from custody. In January, 1988 law enforcement officials reopened the investigation of High's murder, and on January 19, 1988 officers went to appellee's home and asked him to accompany them to the sheriff's department for questioning. The trial court found that appellee voluntarily did so and that he was not in custody during this questioning.

Officers advised the appellee of his *Miranda* rights prior to questioning. The appellee waived these rights and thereafter confessed to murdering High. Prior to trial appellee moved to suppress his confession on the ground it was obtained in violation of *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981). The trial court found that because appellee had at the time of his arrest in April, 1986 expressed his desire to speak only through counsel and had not initiated the questioning in January, 1988, appellee's Fifth and Fourteenth Amendment rights had been violated under *Edwards*. The trial court suppressed appellee's confession, and the state appeals.

The procedural safeguards of *Miranda* are necessary because "when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the privilege against self-incrimination is jeopardized." *Miranda v. Arizona*, supra, 384 U. S. at 478. In *Edwards v. Arizona*, supra, the court held that "it is inconsistent with *Miranda* and its progeny for the authorities, at their instance, to reinterrogate an accused in custody if he has clearly asserted his right to counsel." 451 U. S. at 486. However, other courts have asserted the proposition that a break in custody will destroy a defendant's claim that his incriminating statements were given in violation of *Edwards*. "In these cases, the courts . . . have held that even when the police wrongfully ignore a defendant's request for counsel, subsequent confessions obtained from even police initiated interrogation are admissible if there has been an intervening break in custody." *Dunkins v. Thigpen*, 854 F2d 394, 397 (11th Cir. 1988); *McFadden v. Garraghty*, 820 F2d 654, 661 (4th Cir. 1987); and *United States v. Fairman*, 813 F2d 117, 125 (7th Cir. 1987), cert. denied, ___ U. S. ___ (107 SC 3240, 97 LE2d 745) (1987).

Assuming without deciding that appellee was in custody when interrogated in January, 1988, we hold that because there was a 21-month break in custody between the initial interrogation and the final interrogation, and because there is no indication appellee's release from custody was a mere ploy in order to seek another waiver, his Fifth and Fourteenth Amendment rights were not violated under *Edwards v. Arizona*. The trial court erred in granting appellee's motion to suppress his confession.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 19, 1989.

*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney*, for appellant.
*James P. Brown, Jr.*, for appellee.