## S90A0693. BYMES v. THE STATE.
### (397 SE2d 428)

BELL, Justice.

Melvin Bymes appeals from his conviction of the malice murder of Kenneth Ray High.[1] His sole enumeration is that the trial court erred by denying a motion to suppress. We affirm.[2]

1. There was evidence that the victim ran a gambling operation at which appellant was present the night of the homicide. The victim forced appellant to leave after the two men argued. During their altercation the victim cut appellant with a razor. As he was leaving, appellant said, "I'll be back, m_____ f_____." Appellant obtained a shotgun and returned to the house, where he fired a shot through a window, fatally wounding the victim. Appellant later gave a statement to members of the sheriff's department in which he admitted killing the victim.

Having considered the evidence in the light most favorable to the verdict, we hold a rational trier of fact could have found appellant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In the trial court appellant twice moved to suppress his statement. The trial court denied the first motion after conducting an evidentiary hearing. Appellant subsequently moved to suppress the statement on the ground that it allegedly was obtained in violation of *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981). The trial court granted this motion, and the state exercised its statutory right to appeal that ruling, OCGA § 5-7-1 (4). In *State v. Bymes*, 258 Ga. 813 (375 SE2d 41) (1989) (*Bymes I*), we held that the trial court erred in granting the motion to suppress Bymes' statement.

In his current appeal, appellant enumerates as error the trial court's denial of his first motion to suppress. His argument in this regard appears to be that the trial court erred in finding from a preponderance of the evidence that he understood the rights he was waiving and that he gave his statement freely and voluntarily without any hope of benefit or fear of injury. The state contends that we

---

[1] Also referred to in the record as "Kenny Ray High."

[2] The victim was killed on April 26, 1986. The grand jury for the October 1986 term of Henry Superior Court returned a "no bill" of indictment against appellant. After subsequent investigation of the case, appellant was indicted on March 10, 1988, for malice murder.

On January 19, 1989, this Court reversed the trial court's grant of a motion to suppress by appellant. *State v. Bymes*, 258 Ga. 813 (375 SE2d 41) (1989).

On April 26, 1989, a jury returned a verdict of guilty, and appellant was sentenced to life imprisonment. He filed a notice of appeal on May 25, 1989. The court reporter certified the trial transcript on October 12, 1989, and the clerk of the trial court certified the record on February 23, 1990. The appeal was docketed in this Court on February 28, 1990, and was submitted for decision without oral argument on April 13, 1990.

should not consider this enumeration on its merits because, the state argues, the same issues were raised, addressed, and resolved in *Bymes I.*

We choose to pretermit addressing the state's argument that the issues raised by Bymes' enumeration in this appeal were determined in *Bymes I.* After reviewing his enumeration on its merits, we conclude that it presents no error, as the trial court's findings in support of its denial of his first motion to suppress were authorized. *Cooper v. State*, 256 Ga. 234 (2) (347 SE2d 553) (1986).

*Judgment affirmed. All the Justices concur, except Weltner, J., who concurs specially.*

WELTNER, Justice, concurring specially.

In *State v. Bymes*, 258 Ga. 813 (375 SE2d 41) (1989), we reversed the trial court's grant of a motion to suppress the same statement.

> Clearly, the issue of voluntariness was put in issue at trial, and the trial court's findings were affirmed on appeal. . . . As such, [these contentions] have been subsumed in prior rulings, and are successive. [Cit.] [*Zant v. Beck*, 259 Ga. 756, 757 (386 SE2d 349) (1989).]

See also *Strickland v. State*, 260 Ga. 28, n. 2 (389 SE2d 230) (1990): "We generally will not review claimed error that has been resolved in an earlier appeal."

DECIDED NOVEMBER 7, 1990.

*James P. Brown, Jr.,* for appellant.
*Tommy K. Floyd, District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree,* for appellee.