[Crim. No. 8681. Fourth Dist., Div. One. Apr. 13, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY RICHARD MUNOZ, Defendant and Appellant.

**COUNSEL**

Appellate Defenders, Inc., under appointment by the Court of Appeal, and Barry D. Utsinger for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Karl J. Phaler, Jay M. Bloom and Alan S. Meth, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**\*—Anthony Richard Munoz appeals his court-tried conviction of first degree robbery (Pen. Code, § 211).

On July 31, 1976, Munoz robbed El Cajon liquor store clerk, Randall Smith, at gunpoint. In February 1977 Smith identified a police photograph of Munoz. El Cajon Police Officer Randy Narramore recovered the gun used in the robbery from one of Munoz's friends. Narramore and his partner Detective Meyers went to La Cima Honor Camp to interview Munoz. They took Munoz to a small room, exchanged pleasantries with him and told him they were robbery detectives. Narramore felt Munoz was free to leave, but did not tell him so.

After Narramore introduced himself, Munoz said, "Well, maybe I should talk to my attorney, Mr. Corbin." Narramore told Munoz it was his business and if he wanted to, he could, but Narramore first wished to explain why he was there to talk with him and to tell him what information he had. Munoz told Narramore to go ahead and talk. Narramore told him what he knew of the robbery, how it had happened, who was involved, and to whom he had spoken. He then read Munoz his rights. In answer to the question, "Having these rights in mind, do you wish to talk to us now?" Munoz answered yes, as long as he could answer the questions he wanted. He then confessed.

The court admitted the confession into evidence over Munoz's objection.

■ Munoz's only contention on appeal is the court erred in failing to suppress his extrajudicial confession. He attacks the court decision on two grounds: first, Munoz's remark about his attorney should have been treated as a request for an attorney and questioning should have stopped; second, *Miranda* warnings should have been given before the "talk" by Detective Narramore.

The court ruled in favor of the prosecution and admitted the confession, feeling Munoz's use of the word "maybe" was an "indefinite statement," not a definite statement he wanted an attorney.

---

\*Before Brown (Gerald), P. J., Cologne, J. and Staniforth, J.

In *People* v. *Superior Court (Zolnay)*, 15 Cal.3d 729, 735 [125 Cal.Rptr. 798, 542 P.2d 1390] the defendants inquired, "Do you think we need an attorney?" or stated, "I guess we need a lawyer," after being advised of their rights and questioned. The court upheld the trial court's conclusion that the defendants invoked their *Miranda* rights. The court detailed specifics about the remark, saying it "was a direct result of the interrogation," was made at a critical time during the questioning, and pointed out that defendants later requested the deputies recommend an attorney. The court quoted from *Miranda* v. *Arizona,* 384 U.S. 436, 444-445 [16 L.Ed.2d 694, 706-707, 86 S.Ct. 1602, 10 A.L.R.3d 974]: " '. . . If, however, [a defendant] indicates *in any manner and at any stage* of the process . . . he wishes to consult with an attorney before speaking there can be no questioning. . . .' " (*People* v. *Superior Court (Zolnay), supra,* 15 Cal.3d 729, 736.)

Munoz's remark, while ambiguous can be construed as an invocation of his right to speak to an attorney before questioning. When Narramore told Munoz he wanted to tell him what information he had, he avoided dealing with Munoz's request. His action served to "soften" up Munoz, as he must have intended it to, thus subverting Munoz's not too forcefully expressed wish to see his named attorney.

■ In addition, Munoz's second ground has merit. When Narramore went to the honor camp to interview Munoz, the investigation was clearly focused on him. In *People* v. *Honeycutt,* 20 Cal.3d 150 [141 Cal.Rptr. 698, 570 P.2d 1050], as in the present case, the defendant made no incriminating extrajudicial statements until after he was advised of his *Miranda* rights and had waived them. The court stated: "In *Hill* [*People* v. *Hill* (1969) 70 Cal.2d 678 (76 Cal.Rptr. 225, 452 P.2d 329)], we stated, 'The initial statements made by defendant prior to receiving the required warnings of his constitutional rights were not in response to in-custody interrogation designed to elicit incriminating information.' (*Id.,* at p. 694.) The instant case differs from *Hill,* however, in that here defendant was at all times the primary suspect and the conversation-warning-interrogation sequence was intended to elicit a confession from the inception of the conversation." (*People* v. *Honeycutt, supra,* at p. 159.)

Narramore's actions were like those of Detective Williams: Munoz was a primary suspect; Narramore told Munoz of the physical evidence and the statements of other participants; and Narramore's intention was to get Munoz to confess or admit complicity. In *Honeycutt* the defendant agreed to talk with the investigating officer after he was "softened" up. He was

then given his *Miranda* rights, waived them, and confessed. In this case, Munoz spoke of his attorney, was "softened" up, received his *Miranda* rights, waived them, and confessed. Munoz's remark about wanting to see his attorney, however, should have alerted Narramore that Munoz was concerned about talking with him. "It must be remembered that the purpose of *Miranda* is to preclude police interrogation unless and until a suspect has voluntarily waived his rights or has his attorney present. When the waiver results from a clever softening-up of a defendant through disparagement of the victim and ingratiating conversation, the subsequent decision to waive without a *Miranda* warning must be deemed to be involuntary for the same reason that an incriminating statement made under police interrogation without a *Miranda* warning is deemed to be involuntary." (*People* v. *Honeycutt, supra,* 20 Cal.3d 150, 160-161.) Narramore's talk with Munoz detailing the incriminating statements was a "clever softening up" which resulted in an involuntary waiver of his *Miranda* rights.

The court erred in refusing to suppress Munoz's extrajudicial confession.

The judgment is reversed.

A petition for a rehearing was denied April 20, 1978, and respondent's petition for a hearing by the Supreme Court was denied June 9, 1978.