[No. E009185. Fourth Dist., Div. Two. Nov. 25, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
KELLY PATRICK SCAFFIDI, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

146

**COUNSEL**

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Steven H. Zeigen and Rhonda L. Cartwright, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**McKINSTER, J.—**

### FACTUAL AND PROCEDURAL HISTORY

This is an appeal from a murder conviction. Defendant claims that the trial court made evidentiary errors and that he also received ineffective assistance of counsel.

Police twice arrested defendant in Nevada. On the 17th, police arrested defendant for prowling and then released him after he had made bail. When defendant was arrested, he said, "I want an attorney." The next day, the 18th, the police arrested defendant again, but this time for burglary and possession of stolen property. Defendant, on the way back to the station, after hearing that police had searched his apartment, volunteered to talk about his activities. On this occasion on the 18th, the police read defendant his *Miranda* rights. At the end of a conversation concerning whether he should have counsel, defendant said he would talk to the police without counsel.[1]

During the questioning, the police asked the defendant if he had ever hurt anyone during a robbery. He said no, but he had hurt someone in California.

---

[1] On the 18th, the interview started out this way.

"OFFICER: . . . You have the right to remain silent, . . . You have the right to talk to a lawyer and have him present with you while you're being questioned. If you cannot afford a lawyer one will be appointed to represent you before any questioning, if you wish one.

"DEFENDANT: There wouldn't be one running around here now, would there?

"OFFICER: No.

"DEFENDANT: I know, I know.

"OFFICER: If, if you want

"DEFENDANT: I won't fight it.

"OFFICER: No, if you want

"DEFENDANT: I don't want to fight it.

"OFFICER: No, if you want an attorney, Kelly, what we'll do is we'll stop the interview, okay, because no, there isn't an attorney in the building.

"DEFENDANT: Well, is an attorney [garbled] only if I'm intending on fighting? I mean

"OFFICER: That's a decision

"DEFENDANT: I, I have no intention of that.

"OFFICER: Okay, Kelly, that's a decision that you and you alone have to make, okay? Uh,

"DEFENDANT: I just don't know what to do.

"OFFICER: Well, I want you to make the decision that's best for you.

"DEFENDANT: Well, you know, am I gonna need an attorney that's gonna represent somebody that's in it

"OFFICER: That's not true.

"DEFENDANT: than more than I'm even here for?

"OFFICER: Well, you get an attorney whether you want to confess or not, okay.

"DEFENDANT: Uh-huh.

"OFFICER: And it's important that you know that, you know, if you don't wanta [sic] talk to us or if you want an attorney we'll stop the interview.

"DEFENDANT: No, . . . (inaudible)

"OFFICER: . . . So what I'm gonna do here is say, do you understand each of these rights I've just explained to you?

"DEFENDANT: Yes, sir.

"OFFICER: Would you write your answer there?

"DEFENDANT: This here?

"OFFICER: Anything you wanta [sic] (inaudible) . . .

"DEFENDANT: (inaudible) . . .

"OFFICER: Okay, having these rights in mind, do you wish to talk to us now?

"DEFENDANT: Yes. . . ."

Defendant then confessed to hurting a girl. His confession led to his conviction for the girl's murder. On the 19th, defendant asked police whether they had found out any more information about a girl being hurt in California. Defendant subsequently added additional details to his confession of the 18th.

The victim was not wearing panties when police found her body; nor were her panties found either in the area of the body or anywhere else. On the 18th, defendant admitted to the officers that he had a "trademark" in any of his acts which was to take some article of a girl's underclothes.

However, on the 19th, defendant said in a confession that the girl was not wearing panties when he had picked her up. The victim's sister, however, testified that the victim meticulously wore underclothing. During the trial, defendant's wife testified that she had found a box of panties in the defendant's possession and that defendant had said the articles of underwear were from girls with whom he had gone to bed.

On appeal defendant contends that (1) the trial court improperly admitted his statement to police officers in Nevada because he invoked his right to counsel and his right to remain silent; (2) if his statement is admissible because he failed to timely object, he was denied effective assistance of counsel; and (3) he was denied a fair trial by the admission of evidence that he possessed a box of women's underwear and that taking women's underwear was his trademark.

DISCUSSION

I.

*Admission of Defendant's Confession*

A. *Failure to Object*

■ Defendant claims that his statement to the police in Nevada is inadmissable because he invoked his right to an attorney and his right to remain silent. The People contend that this issue was not preserved for appeal because the defendant did not object to the admission during the trial. The People are correct. "[Q]uestions relating to the admissibility of evidence will not be reviewed on appeal in the absence of a specific and timely objection in the trial court on the ground sought to be urged on appeal." (*People* v. *Rogers* (1978) 21 Cal.3d 542, 548 [146 Cal.Rptr. 732, 579 P.2d 1048], citing Evid. Code, § 353; *People* v. *Mattson* (1990) 50 Cal.3d 826,

853-854 [268 Cal.Rptr. 802, 789 P.2d 983].) ■ The defense attorney did not object to admission of the defendant's taped confession during the preliminary hearing; nor did he object to it during the trial. Defendant is therefore barred from raising it for the first time on appeal.

Nevertheless, an appeals court may review the substance of a defendant's contention "[t]o forestall any . . . charge of ineffective assistance of counsel." (*People* v. *Cox* (1991) 53 Cal.3d 618, 682 [280 Cal.Rptr. 692, 809 P.2d 351].) ■ "To establish entitlement to relief for ineffective assistance of counsel the burden is on the defendant to show . . . [that] it is reasonably probable that a more favorable determination would have resulted in the absence of counsel's failings." (*People* v. *Lewis* (1990) 50 Cal.3d 262, 288 [266 Cal.Rptr. 834, 786 P.2d 892], citing *Strickland* v. *Washington* (1984) 466 U.S. 668, 687-696 [80 L.Ed.2d 674, 693-699, 104 S.Ct. 2052].)[2] ■ We therefore address ourselves to the merits of an objection, based on *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602], to the Nevada confession in order to determine whether a failure to object was ineffective assistance.

## B. *Ineffective Assistance of Counsel*

Defendant contends that he invoked his right to counsel and his right to remain silent, which he did not subsequently waive. ■ On appeal, "determinations as to the validity of a waiver of *Miranda* rights—a predominantly legal mixed question—are reviewed independently. [Citations.]" (*People* v. *Mickey* (1991) 54 Cal.3d 612, 649 [286 Cal.Rptr. 801, 818 P.2d 84]; *People* v. *Tyson* (1988) 197 Cal.App.3d 1275, 1281 [243 Cal.Rptr. 525].) ■ Police must stop interrogating a defendant once he has requested counsel and cannot resume interrogation unless either the defendant's counsel is present or the defendant himself initiates further exchanges, communications, or conversations with the police. (*Edwards* v. *Arizona* (1981) 451 U.S. 477, 484-485 [68 L.Ed.2d 378, 386, 101 S.Ct. 1880].) ■ If defendant waives his right to counsel, his waiver "must not only be voluntary, but must also constitute a knowing and intelligent relinquishment or abandonment of a known right or privilege, a matter which depends in

[2]In *Strickland*, the inquiry into an ineffectiveness of counsel claim involves two prongs, first to determine if counsel failed to give reasonably effective assistance and second, to determine if it is reasonably probable that a different outcome would have resulted had the attorney acted competently. (*Strickland* v. *Washington, supra*, 466 U.S. at pp. 687, 694 [80 L.Ed.2d at pp. 693, 697-698].) However, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*Id.*, at p. 697 [80 L.Ed.2d at p. 699].)

each case 'upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.' " (*Edwards, supra,* at p. 482 [68 L.Ed.2d at p. 385].)

### 1. *Noncontinuous Custody*

█ Police arrested defendant on the 17th for a misdemeanor offense of prowling. At that time he said, "I want a lawyer," a clearly unambiguous request for an attorney. Defendant asserts that once he invoked his right to an attorney, the police could not thereafter interrogate him, based on the *Edwards* line of cases. (*Edwards* v. *Arizona, supra,* 451 U.S. 477.) We determine that defendant's assertion would only have had merit, under these facts, had defendant remained in continuous custody. However, the police released defendant that day without his making any statements sought to be introduced. On the 18th, the police arrested the defendant again for a different offense, burglary. We therefore consider whether defendant's invocation of his right to counsel during the first custody on the 17th bars a waiver for purposes of defendant's interrogation after his second arrest on the 18th for a different offense. No California court has considered whether the *Edwards* rule applies where the defendant's custody was not continuous. However, numerous decisions from other jurisdictions have held that the rule does not apply in that situation. (See, e.g., *Dunkins* v. *Thigpen* (11th Cir. 1988) 854 F.2d 394, 397, and cases from three other circuits cited therein.) "The rationale behind these decisions generally is that a non-contrived, non-pretextual break in custody where the defendant has reasonable opportunity to contact his attorney dissolves an *Edwards* . . . claim." (*Willie* v. *State* (Miss. 1991) 585 So.2d 660, 667.)

In our case, there is no indication in the record that the break in custody was contrived or pretextual. Police arrested defendant a second time on suspicion of a different offense with a one-day interval. The 11th Circuit held, in a similar situation with regard to a one-day break between custodies, that the break was sufficient to remove the *Edwards* bar. (*Dunkins* v. *Thigpen, supra,* 854 F.2d at pp. 396-398.) On these facts, we hold that the *Edwards* ban was dissolved by the break with respect to defendant's request for counsel during his first custody.

### 2. *Waiver of Right to Counsel and Right to Remain Silent*

We next examine defendant's contention that he invoked his right to counsel and to remain silent on the 18th. █ "[A] suspect may invoke his

right to silence by any words or conduct reasonably inconsistent with a present willingness to discuss his case freely and completely." (*People* v. *Duran* (1983) 140 Cal.App.3d 485, 492 [189 Cal.Rptr. 595], citing *People* v. *Burton* (1971) 6 Cal.3d 375, 382 [99 Cal.Rptr. 1, 491 P.2d 793].) As to determining whether a suspect has invoked his right to counsel, his requests need not be unequivocal or unambiguous statements to be construed as invocations. (*People* v. *Thompson* (1990) 50 Cal.3d 134, 165 [266 Cal.Rptr. 309, 785 P.2d 857]; *Duran, supra,* 140 Cal.App.3d at p. 492.) However, if a defendant's statements are ambiguous, several cases have held that an interrogator can ask questions to clarify whether defendant has invoked his right to counsel. (E.g., *People* v. *Turnage* (1975) 45 Cal.App.3d 201, 211 [119 Cal.Rptr. 237]; *United States* v. *Fouche* (9th Cir. 1985) 776 F.2d 1398, 1404-1405 [80 A.L.R.Fed. 605], citing *United States* v. *Cherry* (5th Cir. 1984) 733 F.2d 1124, 1130-1131.)

In *Thompson,* defendant's statements were considered in context to determine what he meant by saying " 'I don't even think I should be talking now . . . [The attorney told me] not to say nothin' about the case or anything, unless I had a lawyer present. . . . And I agreed with him,' [and] 'I'm just going to go with what, you know, what the lawyer said because I . . . What else can I say, well, really. I don't want to see her here.' " (*People* v. *Thompson, supra,* 50 Cal.3d at p. 165.) The court there determined the defendant was only giving reasons "why he was willing to proceed without counsel." (*Ibid.*) "In fact, twice when the officers spoke of terminating the discussion, defendant insisted on continuing it. Defendant did not want the discussion to stop. The statements defendant relies on were intended to communicate only that, despite the advice he had received from the public defender, he was willing to talk in the hope of obtaining Lisa's release." (*Id.,* at pp. 165-166.)

As we will explain, we have determined that defendant's statements were ambiguous, in their context, and not an invocation of defendant's right to counsel. Defendant said, "There wouldn't be [an attorney] running around here now, would there? . . . I just don't know what to do." These questions do not indicate a lack of a present willingness to talk to the police without an attorney present, but on the contrary, in context of defendant's previous assertion that he wanted to confess and his answer to the officer's next question whether he wanted an attorney, indicated indecision.

Several cases have held somewhat similar language to constitute an invocation of a right to counsel.[3] In California, *Duran* held that very similar language, "Have you got an attorney right here present, close?" was an invocation. (*People* v. *Duran, supra,* 140 Cal.App.3d at p. 492.) *Duran* is factually distinguishable, however, from this case, because the *Duran* question was preceded by defendant's statement, "Well then I think it's better that I have an attorney here." (*Duran, supra,* 140 Cal.App.3d at p. 490.) In light of the defendant's preceding statement in *Duran,* the question whether an attorney was close appears much more clearly as a lack of a present willingness to talk with police without an attorney present. In our case, defendant's statement, "There wouldn't happen to be one running around here somewhere," was preceded by statements by the defendant that he wanted to confess. It is thus factually more ambiguous than the situation in *Duran.*

Both *Edwards* v. *Arizona, supra,* 451 U.S. at page 485 [68 L.Ed.2d at p. 386] and the later case of *Minnick* v. *Mississippi* (1990) 498 U.S. 146, 149-150, [112 L.Ed.2d 489, 495, 111 S.Ct. 486] use language requiring defendant to *clearly assert* his right to counsel. Some courts have therefore found such language as " 'might want to talk to a lawyer,'. . . 'I don't know,'. . . 'maybe I should call my attorney,' [and] 'maybe I should talk to an attorney before making a further statement,' " ambiguous or equivocal. (*Robinson* v. *Borg, supra,* 918 F.2d at p. 1393, quoting *United States* v. *Fouche, supra,* 776 F.2d at p. 1405, *Grooms* v. *Keeney* (9th Cir. 1987) 826 F.2d 883, 886-887, *Robtoy* v. *Kincheloe* (9th Cir. 1989) 871 F.2d 1478, 1482 and *United States* v. *Cherry, supra,* 733 F.2d at p. 1130.)

Comparing the defendant's language in the case at bar with these examples, we conclude that the defendant's language was ambiguous. Defendant's language was phrased in a question. It displayed a lack of decisiveness that

[3]Federal courts have held that defendant invoked his right to counsel in cases where defendant said, " 'I'd like to do that,' [responding to hearing he had a right to counsel]. . . 'I think I should call an attorney,'. . . 'Can I talk to a lawyer?'. . . 'I think I'll let y'all appoint me one,'. . . [and] accused's statement that she could not afford a lawyer and was concerned about obtaining a lawyer." (*Robinson* v. *Borg* (9th Cir. 1990) 918 F.2d 1387, 1392-1393, quoting *Shedelbower* v. *Estelle* (9th Cir. 1989) 885 F.2d 570, 573, *Smith* v. *Endell* (9th Cir., 1988) 860 F.2d 1528, 1531, *Owen* v. *State of Ala.* (11th Cir. 1988) 849 F.2d 536, 538 and citing *United States* v. *Gotay* (2d Cir. 1988) 844 F.2d 971, 976.) California courts have held likewise when a defendant has stated, "I don't know if I should have a lawyer here or what," (*People* v. *Russo* (1983) 148 Cal.App.3d 1172, 1177 [196 Cal.Rptr. 466]) "Do you think we need an attorney?" (*People* v. *Superior Court (Zolnay)* (1975) 15 Cal.3d 729, 735-736 [125 Cal.Rptr. 798, 542 P.2d 1390]) "I guess we need a lawyer," (*People* v. *Munoz* (1978) 83 Cal.App.3d 993, 995 [201 Cal.Rptr. 104]) "Well, maybe I should talk to my attorney, and "Tell me the truth, wouldn't it be best if I had an attorney with me?" (*People* v. *Hinds* (1984) 154 Cal.App.3d 222, 234 [201 Cal.Rptr. 104].)

the defendant wanted to assert his right to counsel. Under these circumstances, we hold that the police could properly, as they did, narrowly question the defendant further to determine whether he really wanted to assert his right to counsel. We realize that "postrequest responses to further interrogation cannot be used to cast doubt on the clarity of the initial request" (*Owen* v. *State of Ala. supra*, 849 F.2d 536, 539); however, here the initial statement was not an invocation, and it was followed by clarifying questions and repeated offers by the police to obtain counsel for defendant, until such time as defendant elected to waive his right to counsel and to remain silent.

The break in custody removed any possible *Edwards* bar on police initiated interrogation without counsel on the 18th. Defendant did not invoke the right to counsel or to remain silent on the 18th. Rather, he waived those privileges. Defendant's confessions were therefore admissible. Because we have determined that any objection to the admissibility of these confessions would not have been successful and therefore any such objection would not have resulted in a fair probability of changing the result in the trial, we hold that defendant has no grounds for reversal based on ineffective assistance of counsel.

## II.

### *Admissibility of the Underwear Evidence\**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Timlin, Acting P. J., and McDaniel, J.,* concurred.

A petition for a rehearing was denied December 11, 1992, and appellant's petition for review by the Supreme Court was denied March 11, 1993.

---

*See footnote, *ante*, page 145.
*Retired Associate Justice of the Court of Appeal, Fourth District, senior judge status (Gov. Code, § 75028.1), sitting under assignment by the Chairperson of the Judicial Council.