**Richmond**

JONATHAN URIEL TIPTON

v.

COMMONWEALTH OF VIRGINIA

No. 2401-92-2

Decided August 23, 1994

■■■■■■

---

■■■■■■

---

COUNSEL

Michael HuYoung (Jane Chittom; Shuford, Rubin & Gibney, on brief), for appellant.

Kathleen B. Martin, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

---

OPINION

**MOON, C.J.**—Jonathan Uriel Tipton was convicted of statutory burglary, grand larceny, and petit larceny. The issue on appeal is whether the police could re-initiate an interrogation of Tipton upon arrest, when twelve days earlier, a non-custodial interrogation was halted when Tipton said he wanted a lawyer. We hold that because the initial interrogation was not custodial and, additionally, a sufficient break in time occurred between the non-custodial interrogation and the custodial interrogation, the rule of *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981), is inapplicable and the custodial interrogation was constitutionally permissible.

On February 26, 1992, an officer with the Henrico County Police Department telephoned Tipton and a co-defendant and requested that they come to the police station for an interview concerning a burglary. They arrived voluntarily and were separated but not restrained.

After being advised of his *Miranda* rights, Tipton signed a waiver of rights form. He denied any knowledge about the crimes, then invoked his right to an attorney. The officer terminated the interview, and Tipton left the police station. The co-defendant gave a signed statement.

On March 10, 1992, the officer called Tipton's home and told Tipton's mother that a warrant had been issued for her son's arrest and asked that he come to the police station. Later that day, Tipton went to the police station and was arrested.

After being readvised of his *Miranda* rights, Tipton again executed a waiver of rights form, but this time he gave a written statement admitting his involvement in the crime.

■ *Edwards* held that when an accused, during a *custodial interrogation*, invokes the right to have counsel present, the police may not resume the interrogation until the individual re-initiates communications and waives his right to counsel. 451 U.S. at 484-85. The *Edwards* rule has not been expanded to include non-custodial demands for an attorney or to interrogation after an accused has been released from custody.

> If the police release the defendant, and if the defendant has a reasonable opportunity to contact his attorney, then there is no reason why *Edwards* should bar the admission of any subsequent statements. [Hence, a] break in custody after the invocation of fifth amendment rights ends the need for the *Edwards* rule.

*Dunkins v. Thigpen*, 854 F.2d 394, 397 (11th Cir. 1988), *cert. denied*, 489 U.S. 1059 (1989).[1]

Tipton conceded at trial he was not in custody on February 26, 1992. Because Tipton was not in custody when he requested counsel during his initial interrogation, the holding in *Edwards* does not dictate that Tipton's subsequent confession violated his Fifth Amendment rights.

Even if Tipton had been in custody during the February 26 interview, the lapse in time before the March 10 confession would have canceled the first demand for counsel. When Tipton left the police station on February 26th, he had the opportunity to contact a lawyer if he chose to do so. Tipton "knew from his experience on [February 26th] that he could end the interrogation by asking again to meet with an attorney." *United States v. Skinner*, 667 F.2d 1306, 1309 (9th Cir. 1982), *cert. denied*, 463 U.S. 1229 (1983) (holding that a one day break between release from cus-

---

[1] Circuits which have considered this issue have consistently held that a person's Fifth Amendment right to counsel terminates upon release from custody. *See United States ex rel. Espinoza v. Fairman*, 813 F.2d 117, 125 (7th Cir.), *cert. denied*, 483 U.S. 1010 (1987); *McFadden v. Garraghty*, 820 F.2d 654, 661 (4th Cir. 1987); *United States v. Skinner*, 667 F.2d 1306, 1309 (9th Cir. 1982), *cert. denied*, 463 U.S. 1229 (1983); *United States v. Geittmann*, 733 F.2d 1419, 1429 (10th Cir. 1984).

tody and arrest was sufficient to cancel the defendant's first custodial demand for counsel). Hence, we hold that because Tipton was not in custody on February 26 and also because the twelve day break in time between his initial request for an attorney and his subsequent custodial interrogation was a sufficient break to cancel his initial demand for counsel, the trial court did not err in admitting the March 10 confession.

■ There is no merit to Tipton's claim that his Sixth Amendment right to counsel was denied during the March 10, 1992 proceeding. Tipton's right to counsel under the Sixth Amendment does not attach prior to the initiation of adversarial proceedings even if he has retained counsel. *Lafon v. Commonwealth*, 17 Va. App. 411, 423, 438 S.E.2d 279, 287 (1993). On February 26, 1992, the Commonwealth had not yet initiated adversarial proceedings. Although Tipton properly asserted his Fifth Amendment right to counsel, one "cannot create a Sixth Amendment right by asserting that he is exercising his Fifth Amendment right." *Id.* at 424, 438 S.E.2d at 287.

■ Tipton did not have a Sixth Amendment right to counsel during the March 10, 1992 questioning. The Sixth Amendment right to counsel does not attach until a prosecution is commenced, that is, " 'at or after the [initiation of adversary] judicial [criminal] proceedings[—]whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.' " *Brewer v. Williams*, 430 U.S. 387, 398 (1977) (quoting *Kirby v. Illinois*, 406 U.S. 682, 689 (1972) (plurality opinion)). Arrest is not a "formal charge" that constitutes the initiation of adversarial proceedings. *See Hunter v. Commonwealth*, 3 Va. App. 221, 225, 349 S.E.2d 154, 156-57 (1986).

Accordingly, the judgment appealed from is affirmed.

*Affirmed.*

Fitzpatrick, J., and Hodges, S.J., concurred.