to suppress. After careful review of the Court of Appeals' opinion as well as the briefs and the record, we conclude our decision to grant review was improvident. See Tex.R.App.Pro. 202(k). Accordingly, the appellant's petition for discretionary review is dismissed.

CLINTON and KELLER, JJ., dissent.

MANSFIELD, Judge, dissenting.

Because I believe this case presents a significant issue that needs to be addressed in a published opinion by this Court, I respectfully dissent to the majority opinion that appellant's petition for discretionary review should be dismissed as improvidently granted.

The issue presented is whether a magistrate, e.g. a municipal judge, may issue an arrest warrant for an individual based on his personal knowledge that the individual committed an offense. In my opinion, he may.

In the present case, a Houston municipal judge issued two warrants for appellant's arrest due to his failure to appear to answer charges of running a red light and for possession of alcoholic beverages by a minor. Each warrant was accompanied by a Clerk's Certificate of Defendant's Failure to Appear. The Certificate states the Clerk *personally* observed that the defendant (i.e. appellant) did not appear or answer in the courtroom. Each arrest warrant states that "within the personal knowledge of the court, the defendant ... committed the offense of failure to appear on this date." The arrest warrants are signed by the judge and the Clerk's Certificates are signed by the Clerk under oath. Each warrant refers to the Clerk's Certificate, citation for failure to appear, as well as to the citations for the underlying traffic offense or the possession of alcoholic beverages offense *by number*.

Affidavits for warrants must be tested and interpreted by magistrates and courts in a common sense and realistic fashion. *U.S. v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741,

---

**Carlos Earl MAVINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1221–94.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 25, 1995.

Tom Moran, Houston, for appellant.

Julie Klibert, Assistant District Attorney, Houston, Robert A. Huttash, State's Atty., Austin, for the State.

*OPINION ON THE APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

Appellant pled guilty to attempted capital murder and was sentenced to forty years confinement. The Court of Appeals affirmed. *Mavins v. State*, 886 S.W.2d 378 (Tex.App.—Houston [First] 1994). We granted appellant's petition for discretionary review to determine whether the Court of Appeals correctly determined the trial judge did not err in overruling appellant's motion

746, 13 L.Ed.2d 684 (1965). See also *Barnes v. State,* 876 S.W.2d 316, 327–328 (Tex.Crim. App.1994). In the present case, there is no evidence that the municipal judge did not have in his possession the Clerk's Certificate, the complaint for failure to appear and the citations for the underlying offenses *prior* to the issuance of the arrest warrants. These documents were reasonably relied upon by the court as constituting probable cause to issue the arrest warrants.

Additionally, the judge possessed personal knowledge as to the commission of the offense of failure to appear by appellant. A magistrate may rely upon personal knowledge that a person has committed an offense in issuing a warrant for the arrest of that person. See, for example, Texas Code of Criminal Procedure, art. 49.19(a)(1) which provides that a justice of the peace who is conducting an inquest of a death under Chapter 49 may issue a warrant for the arrest of a person suspected of causing the death if the justice has knowledge that the person caused the death of the deceased. Clearly, the municipal judge had personal knowledge appellant committed the offense of failure to appear in the judge's own court, and such personal knowledge, in the present case, is sufficient to constitute probable cause to issue an arrest warrant.

Appellant also contends that the warrants are invalid because the judge was not a neutral and detached magistrate given his personal knowledge of the offense alleged. Appellant's reliance on *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), is misplaced. In *Coolidge,* the attorney general of New Hampshire issued a search warrant in a homicide case in which he took charge of the entire investigation, including all police activities. He later served as chief prosecutor at the trial. Given this, the Supreme Court held the attorney general was not a neutral and detached magistrate rendering the search warrant constitutionally defective under the Fourth Amendment.

The municipal judge in the present case was not an agent of law enforcement and had no role in the investigation or prosecution of the offense of failure to appear. His expo-sure to evidence of the offense of failure to appear did not limit his neutrality or detachment. The evidence shows he relied on both his personal knowledge *and* the sworn Clerk's Certificate in issuing the warrant for appellant's arrest for failure to appear. See *Shadwick v. City of Tampa,* 407 U.S. 345, 350, 92 S.Ct. 2119, 2124, 32 L.Ed.2d 783 (1972).

I would affirm the judgment of the court of appeals and respectfully dissent to the dismissal of appellant's petition for discretionary review as improvidently granted.