The STATE of Texas

v.

Heidi Schramm CONSAUL, Appellee.

No. 832–97

Court of Criminal Appeals of Texas,
En Banc.

Nov. 25, 1998.

Steven L. Hughes, El Paso, for appellant.

Karen L. Landinger, Assist. DA, El Paso, Jeffrey L. Van Horn, Assist. State's Attorney, Matthew Paul, State's Atty., Austin, for the State.

## *OPINION*

PER CURIAM.

Appellee was charged with capital murder, for the death of her 18 month old daughter. After making statements to the police, appellee claimed, on a pre-trial motion, that the statements she made were obtained in violation of her Fifth and Fourteenth Amendment rights. As a result, she argued that they should be suppressed. The trial court granted appellee's motion, and the State appealed. The Court of Appeals affirmed the trial court. *State v. Consaul,* 960 S.W.2d 680 (Tex.App.-El Paso 1997, pet. granted).

The State appealed, and we granted petitions for discretionary review filed by both the State Prosecuting Attorney and the District Attorney. However, after careful review of the appellate record, the Court of Appeals' opinion and the briefs and oral arguments before this Court, we conclude that our decision to grant review was improvident. *See* TEX.R.APP. P. 69.3. Accordingly, the State's petitions are dismissed. Just as in any case where this Court refuses to grant a petition for discretionary review, our decision to dismiss the State's petitions as improvidently granted should not be construed as approval of the Court of Appeals' opinion. *Hensarling v. State,* 829 S.W.2d 168, 169

(Tex.Crim.App.1992); *Walker v. State,* 811 S.W.2d 131, 131 (Tex.Crim.App.1991).

PRICE, J., filed a concurring opinion, in which BAIRD, OVERSTREET and MEYERS, JJ., joined.

KELLER, J., filed a dissenting opinion, in which McCORMICK, P.J., and MANSFIELD and HOLLAND, JJ., joined.

PRICE, Judge, concurring.

I concur in the decision to dismiss the petitions as improvidently granted. I write separately to explain my reasons for doing so.

Appellee was charged with capital murder, for the death of her 18 month old daughter. Initially, appellee contacted the police on January 22, 1996, reporting that her child was kidnaped. She was subsequently interviewed by the police at the police station that same day. Appellee later went home, and was re-interviewed by police on January 24, 1996, as well as by FBI agents. She took a polygraph test then, and was told that the results of the test demonstrated deception. Later that day, she made statements concerning the death of her child, maintaining that the child had fallen out of her crib, had suffocated on a plastic bag, and that appellee had taken the body to the desert and left it there. The police found the child's body in the desert, and appellee later gave a written statement to the police.

On pre-trial motion, appellee claimed that the January 22 interview was custodial. She argued that she had unequivocally invoked her right to counsel, but that her request was ignored and her interrogation continued in violation of her Fifth and Fourteenth Amendment rights. As a result, appellee argued that the statements she made after she invoked her right to counsel should be suppressed. The trial court granted appellee's motion, and the State appealed.

Although the issue of appellee's invocation of the right to counsel on January 22 and its relationship to the statements made by appellee on January 24 appear to be pivotal, the State did not argue this point to either the trial court or the Court of Appeals. Instead, it apparently assumed that if the January 22 interview was custodial and appellee did invoke her right to counsel at that time, then the invocation was valid as well for the interview on January 24, unless appellee reinitiated contact with the police and so waived her right to counsel. Thus, the State argued only that the January 22 interview was not custodial, and that as such, appellee's statements of January 24 were validly obtained or, alternatively, that if the interview was custodial, then appellee reinitiated contact with the police and so waived her right to counsel. The Court of Appeals affirmed the pre-trial order, holding that the trial court had not abused its discretion in finding that the January 22 interrogation was custodial in nature. *State v. Consaul,* 960 S.W.2d 680, 687 (Tex.App.-El Paso 1997, pet. granted). It further found that the trial court was warranted in finding that appellee had unequivocally invoked her right to counsel at that interview; that there was some evidence that law enforcement officers, and not appellee, had reinitiated contact to take the polygraph; and that law enforcement officers, and not appellee, reinitiated contact by asking appellee if she wanted to make a statement after knowing that she had invoked her right to counsel. *Id.* at 687–688.

The State appealed, and the State Prosecuting Attorney and the District Attorney filed separate petitions for discretionary review. Of the grounds presented by the petitions, the most potentially meritorious were those from the State Prosecuting Attorney: (1) Does the rule of *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) apply retrospectively when there is a break in the period of custody in which the accused invokes his fifth amendment right to counsel? (2) Can the Fifth Amendment Right to Counsel be invoked anticipatorily, in a context other than custodial interrogation?

In *Edwards,* the Supreme Court held that once an accused has asserted his right to counsel, the police may not further interrogate him until counsel has been made available to him, unless the accused himself initiates further communication with the police. *Id.* at 484–485, 101 S.Ct. at 1885. While never directly answering the question of how

a break in custody might affect an *Edwards* claim, the Court later appeared to suggest that such an additional fact might lead to a different result.[1] Although the Supreme Court has never ruled definitively on this issue, a number of courts around the country have found, in various scenarios, that the *Edwards* rule is inapplicable when there has been a break in custody.[2]

Unfortunately, however, as noted above, the State made no argument to either the trial court or the Court of Appeals as to the issue of the invocation of counsel on January 22, the statements made on January 24, and the break in custody between those two dates.[3] Since the State made no argument regarding the issue of *Edwards* and the

1. In *McNeil v. Wisconsin,* 501 U.S. 171, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991), when discussing its previous case law, the Court made the following statement:

   In *Edwards v. Arizona,* . . . we established a second layer of prophylaxis for the *Miranda* right to counsel: Once a suspect asserts the right, not only must the current interrogation cease, but he may not be approached for further interrogation 'until counsel has been made available to him,'. . . If the police do subsequently initiate an encounter in the absence of counsel (*assuming there has been no break in custody* ), the suspect's statements are presumed involuntary and therefore inadmissible as substantive evidence at trial, even where the suspect executes a waiver and his statements would be considered voluntary under traditional standards.

   *McNeil v. Wisconsin,* 501 U.S. at 176–177, 111 S.Ct. at 2208 (emphasis added and citations omitted).

2. *See United States v. Barlow,* 41 F.3d 935–945–946 (5th Cir.1994), *cert. denied,* 514 U.S. 1030, 115 S.Ct. 1389, 131 L.Ed.2d 241 (1995), *and cert. denied sub nom. Lebaron v. United States,* 514 U.S. 1087, 115 S.Ct. 1804, 131 L.Ed.2d 730 (1995); *United States v. Hines,* 963 F.2d 255, 256–257 (9th Cir.1992); *Dunkins v. Thigpen,* 854 F.2d 394, 397–398 (11th Cir.1988), *cert. denied,* 489 U.S. 1059, 109 S.Ct. 1329, 103 L.Ed.2d 597 (1989); *McFadden v. Garraghty,* 820 F.2d 654, 661 (4th Cir.1987); *United States ex rel. Espinoza v. Fairman,* 813 F.2d 117, 125 (7th Cir.1987), *cert. denied,* 483 U.S. 1010, 107 S.Ct. 3240, 97 L.Ed.2d 745 (1987); *United States v. Skinner,* 667 F.2d 1306, 1309 (9th Cir.1982), *cert. denied,* 463 U.S. 1229, 103 S.Ct. 3569, 77 L.Ed.2d 1410 (1983); *United States v. Drake,* 934 F.Supp. 953, 962 (N.D.Ill.1996); *United States v. Garey,* 813 F.Supp. 1069, 1073 (D.Vt.1993), *aff'd,* 19 F.3d 8 (2nd Cir.1994); *People v. Scaffidi,* 11 Cal.App.4th 145, 15 Cal.Rptr.2d 167, 170–171 (Cal.App. 4th Dist.1992, review denied); *People v. Trujillo,* 773 P.2d 1086, 1091–1092 (Colo.1989); *Gonzalez v. State,* 449 So.2d 882, 886 (Fla.App. 3rd Dist. 1984), *petition for review denied,* 458 So.2d 274 (Fla.1984); *Keys v. State,* 606 So.2d 669, 671–672 (Fla.App. 1st Dist.1992); *State v. Bymes,* 258 Ga. 813, 375 S.E.2d 41, 41–42 (Ga.1989); *Wilson v. State,* 264 Ga. 287, 444 S.E.2d 306, 309 (Ga. 1994), *cert. denied,* 513 U.S. 988, 115 S.Ct. 486, 130 L.Ed.2d 398 (1994); *State v. Norris,* 244 Kan. 326, 768 P.2d 296, 301–302 (Kan.1989); *State in Interest of Wells,* 532 So.2d 191, 195–197

(La.App. 3rd Cir.1988); *Commonwealth v. Galford,* 413 Mass. 364, 597 N.E.2d 410, 413–414 (Mass.1992), *cert. denied,* 506 U.S. 1065, 113 S.Ct. 1010, 122 L.Ed.2d 158 (1993); *Willie v. State,* 585 So.2d 660, 666–667 (Miss.1991); *State v. Kyger,* 787 S.W.2d 13, 24–25 (Tenn.Crim.App. 1989); *State v. Furlough,* 797 S.W.2d 631, 640–641 (Tenn.Crim.App.1990); *Tipton v. Commonwealth,* 18 Va.App. 832, 447 S.E.2d 539, 540–541 (Va.App.1994); *State v. McKenzie,* 197 W.Va. 429, 475 S.E.2d 521, 529–530 (W.Va.1996), *cert. denied,* — U.S. ——, 117 S.Ct. 529, 136 L.Ed.2d 415 (1996).

3. Specifically, in its brief to the Court of Appeals, the State argued the following grounds, regarding appellee's Fifth Amendment rights:

   (I) Because there was no Fifth Amendment violation, the trial court erred in granting appellee's motion to suppress all oral and written statements and evidence derived therefrom.

   (A) The January 22, 1996 interview did not amount to custodial interrogation under the Fifth Amendment.

   (B) Because appellee was not in custody, appellee was not entitled to *Miranda* protections.

   (C) Appellee's oral statement was given freely and voluntarily.

   (D) The Sheriff's deputies acted properly following appellee's attempted invocation of right to counsel during the January 22, 1996 interview.

   (1) Appellee terminated the interview and went home.

   (2) Appellee initiated contact with law enforcement personnel to report a crime she knew she would be suspected of.

   (3) The officers did not develop probable cause to arrest appellee until she disclosed the location of her child's body.

   (E) Even if appellee invoked her right to an attorney on January 22, 1996, at a time when she was entitled to the same, any subsequent statement and resulting evidence was admissible in light of appellee's repeated requests for law enforcement assistance and appellee's unsolicited statements to the officers regarding the polygraph examination which amounted to reinitiation of contact under *Edwards.*

   (F) Appellee made a knowing, voluntary and intelligent waiver of her rights following the January 22, 1996 interview.

break in custody, the Court of Appeals neither considered nor ruled on that issue.[4]

This court's jurisdiction is limited to review of decisions by the courts of appeals. TEX.R.APP. P. 66.1 (West 1997) provides that:

The Court of Criminal Appeals may review a *court of appeals' decision* in a criminal case on its own initiative under Rule 67 or on the petition of a party under Rule 68 (emphasis added).

As we have repeatedly stated, "This court reviews only 'decisions' of the courts of appeals; we do not reach the merits of any party's contention when it has not been addressed by the lower appellate court. *Sotelo v. State,* 913 S.W.2d 507, 509 (Tex.Crim.App. 1995).[5]

Furthermore, it is notable that in the State Prosecuting Attorney's petition for discretionary review, while discussing the *Edwards* /break in custody issue, the State never once refers to the Court of Appeals' decision regarding this issue, except to note that the Court of Appeals neither considered nor discussed the issue of the break in custody; this, of course was done for good reason, since the issue was never argued to the Court of Appeals. As this Court has stated, "... the portion of the petition designated 'Reasons for Review' should specifically address the court of appeals opinion and its effect on our jurisprudence ... A discussion of principles of law, without reference to the holding of the court of appeals, will usually be insufficient to persuade this Court to exercise its discretionary jurisdiction." *Degrate v. State,* 712 S.W.2d 755, 756–757 (Tex. Crim.App.1986) (per curiam).

The dissent cites *State v. Klima,* 934 S.W.2d 109 (Tex.Crim.App.1996), as authority for the proposition that we should review the instant case, although the State never advanced the argument it is now making to either the trial court or the Court of Appeals. *Post,* at 904. However, *Klima* is inapplicable

for two reasons. First, it dealt specifically with and was limited to a situation in which standing to challenge a search under the Fourth and Fourteenth Amendments is raised for the first time on appeal. As we stated,

By raising the issue of standing for the first time on appeal, *the State did not raise a new issue.* Rather, it challenged the trial court's holding that appellee met her burden of establishing that the government violated her reasonable expectation of privacy ... *Appellee was on notice that it was her obligation to allege and prove standing, as standing was an element of her Fourth Amendment claim.*

*Id.* at 111 (citations omitted and emphasis added). The dissent also cites *State v. Mercado* as support for its position (*post,* at 904), but fails to acknowledge that we specifically stated in *Mercado* that the *Klima* line of cases was limited to the issue of standing. *Mercado,* 972 S.W.2d at 78. In contrast to *Klima,* the issue the State wishes to raise in the present case has nothing to do with the issue of standing. Instead, the State is raising a completely new issue, and appellee had no notice in either the trial court or the Court of Appeals of this new issue. As noted above, this Court reviews only decisions of the courts of appeals and we do not reach issues that have not been addressed by the lower appellate court. *Klima* was not an exception to this rule, since standing was an element of the claim the defendant in that case was making. The same cannot be said of the argument that the State makes before us in today's case.

Also, *Klima* dealt specifically with a situation in which the State made the standing argument for the first time to the Court of Appeals, when it had not made that argument to the trial court. *Klima,* 934 S.W.2d at 111–112. Here, however, the State is attempting to bring before this Court an

---

4. Nor could the Court of Appeals have properly ruled on such issue. *See State v. Mercado,* 972 S.W.2d 75, 78 (Tex.Crim.App.1998) (per curiam) (in cases in which the State is the party appealing, the basic principle of appellate jurisprudence that points not argued at trial are deemed to be waived applies to the State as well as to the defense).

5. *See also Whatley v. State,* 946 S.W.2d 73, 76 n. 6 (Tex.Crim.App.1997); *Davis v. State,* 870 S.W.2d 43, 47 (Tex.Crim.App.1994); *Farrell v. State,* 864 S.W.2d 501, 502 (Tex.Crim.App.1993); *Ward v. State,* 829 S.W.2d 787, 795–796 (Tex. Crim.App.1992); *Tallant v. State,* 742 S.W.2d 292, 294 (Tex.Crim.App.1987).

issue that it has failed to present to either the trial court or the Court of Appeals. Again, it should be reiterated that this Court reviews decisions of the courts of appeals. Because the *Edwards* /break in custody issue was never heard by the Court of Appeals, and because the decision by that Court in no way implicates that issue, it is not properly before us today. Therefore, despite the assertions of the dissent (*post,* at 904), the issue brought by the State today has been procedurally defaulted.

Finally, the dissent asserts that we should decide the *Edwards* /break in custody issue because it is "an important one and one of first impression in this state," and because we granted review on this issue, received briefs, and heard oral arguments. *Post,* at 904. However, these are not, in and of themselves, sufficient justifications for deciding an issue. On numerous occasions, we have granted petitions, received briefs, heard oral arguments, and then after careful consideration, we have dismissed those petitions as improvidently granted.[6] As well, even when an issue may be considered "important," that does not necessarily justify deciding it when the case is not in the appropriate procedural posture for deciding that issue.[7] Although the State's petition may present an important issue, the case before us today does not do so.

Thus, since there is nothing for this Court to review with regard to the issue of *Edwards* and the break in custody, it is proper that we dismiss the State Prosecuting Attorney's grounds for review, as improvidently granted. Therefore, I concur in the dismissal.

BAIRD, OVERSTREET and MEYERS, JJ., join.

KELLER, Judge, dissenting.

Appellee was interrogated by law enforcement officials, while in custody after being given *Miranda*[1] warnings, until she invoked her right to counsel. The interrogation subsequently ceased, and appellee was later released from custody and permitted to return to her home. Two days later, law enforcement officials reinitiated questioning and obtained incriminating statements. Holding that the police had violated the *Edwards*'[2] rule against reinitiating conversations after a suspect's invocation of her right to counsel under *Miranda,* the trial court suppressed the statements. The State appealed the trial court's ruling, and the Court of Appeals affirmed.

One of the grounds for review that we granted concerned whether the *Edwards*' reinitiation rule applied to police initiation of questioning *after a break in custody.* The State did not advance this legal argument

---

**6.** *See, e.g., Cox v. State,* 951 S.W.2d 5 (Tex.Crim. App.1997); *Fox v. State,* 930 S.W.2d 607 (Tex. Crim.App.1996) (per curiam); *Teer v. State,* 923 S.W.2d 11 (Tex.Crim.App.1996) (per curiam); *Ex parte Ramirez,* 919 S.W.2d 435 (Tex.Crim.App. 1996); *Mavins v. State,* 908 S.W.2d 462 (Tex. Crim.App.1995) (per curiam).

**7.** *See, e.g., Adams v. Robertson,* 520 U.S. 83, 117 S.Ct. 1028, 137 L.Ed.2d 203 (1997) (per curiam) (in class action against health insurer for fraud, writ of certiorari was dismissed as improvidently granted, since federal constitutional issue was never presented to state Supreme Court); *California v. Rooney,* 483 U.S. 307, 107 S.Ct. 2852, 97 L.Ed.2d 258 (1987) (per curiam) (writ of certiorari dismissed as improvidently granted where certiorari was granted to decide issue of whether defendant retained expectation of privacy in bag placed in communal trash bin of multi-unit apartment building, but this issue had never been subject of actual judgment); *Ramsey v. New York,* 440 U.S. 444, 99 S.Ct. 1415, 59 L.Ed.2d 440 (1979) (per curiam) (writ of certiorari dis-

missed as improvidently granted in case concerning involuntary plea, where record in case cannot be said to have actually presented question framed in petition for certiorari); *Belcher v. Stengel,* 429 U.S. 118, 97 S.Ct. 514, 50 L.Ed.2d 269 (1976) (per curiam) (in case concerning 42 U.S.C. § 1983, where question framed in petition for certiorari is not in fact presented by record, writ of certiorari should be dismissed as improvidently granted); *McClanahan, v. Morauer & Hartzell, Inc.,* 404 U.S. 16, 92 S.Ct. 170, 30 L.Ed.2d 136 (1971) (per curiam) (where record did not adequately present question framed in petition for certiorari concerning Longshoremen's and Harbor Workers' Compensation Act, writ of certiorari would be dismissed as improvidently granted).

**1.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**2.** *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).

before the trial court or the court of appeals, and that failure may well be the reason the majority dismisses the State's petitions as improvidently granted. Nevertheless, I believe we should address this ground.

We have held recently that the State may procedurally default grounds for upholding a search when those grounds are not articulated to the trial court. *State v. Mercado,* 972 S.W.2d 75 (Tex.Crim.App.1998). In that case, the State urged at trial that the search fell within the inventory search exception to the warrant and probable cause requirements of the Fourth Amendment. *Id.* at 76. The trial court ruled against the State. *Id.* On appeal, the State argued that the search was proper as a search incident to arrest. *Id.* We held that the State procedurally defaulted this legal theory for upholding the search by failing to advance it before the trial court. *Id.* at 78. In so holding, we distinguished *State v. Klima,* 934 S.W.2d 109 (Tex.Crim.App.1996), which held that a person's standing to attack the validity of a search could be challenged by the State for the first time on appeal. *Mercado,* 972 S.W.2d at 77–78. We explained that the defendant bears the burden of establishing his expectation of privacy, but that once the defendant has met that burden, the government must establish the validity of the search under Fourth Amendment law. *Id.* at 78. But because standing is part of the defendant's burden in initially establishing a Fourth Amendment claim, the State could raise the issue on appeal even though not raised by the State in the trial court. *Id.*

The present case falls within the rule announced in *Klima.* As with the defendant who must show that the Fourth Amendment is implicated by showing a reasonable expectation of privacy, appellee must show that *Miranda* is implicated by showing the existence of a relevant custodial setting. Hence, whether a break in custody occurred is an issue that falls within the proof requirements for establishing an *Edwards/Miranda* claim. Therefore, the State did not procedurally default this question by failing to raise it in the trial court.

And, while we may decline to review an issue presented in a State's petition for dis-

cretionary review on the ground that the issue was not addressed by the Court of Appeals, we also have discretion to address such an issue, as long as it was not procedurally defaulted in the trial court. The issue in the present case is an important one and one of first impression in this state. The Supreme Court has indicated that the protections in *Edwards* are not implicated when there has been a break in custody. *McNeil v. Wisconsin,* 501 U.S. 171, 177, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). Having granted review on this issue, received briefs, and heard oral arguments, I believe this Court should address the issue.

Hence, I respectfully dissent.

McCORMICK, P.J., and MANSFIELD and HOLLAND, JJ., joined.