UNITED STATES of America

v.

**John CARUSO, Defendant.**

**No. 87 Cr. 640 (DNE).**

United States District Court, S.D. New York.

May 5, 1988.

Rudolph Giuliani, U.S. Atty. for the S.D. of New York, Joan McPhee, Asst. U.S. Atty., of counsel, for U.S.

DePetris & Meyer, New York City, David DePetris, of counsel, for defendant, John Caruso.

### MEMORANDUM & ORDER

EDELSTEIN, District Judge:

### BACKGROUND

On November 12, 1986 the defendant, John Caruso, executed an agreement ("Agreement") with the Organized Crime Strike Force for the Eastern District of New York ("Strike Force"), and the Suffolk County District Attorney ("District Attorney"). *See* Affidavit of David A. DePetris,

Esq. Exhibit A ("DePetris Affidavit"). The Agreement essentially requires the defendant to provide to officials of the Department of Justice, Suffolk and Nassau Counties, and the State of New York any information he has regarding various investigations pending at the time of the execution of the agreement. In addition, the defendant is obligated to testify before grand juries or at trials in connection with the aforementioned investigations. *See id.* at ¶ 1. Finally, the Agreement requires the defendant not to commit any crimes whatsoever. *See id.* ¶¶ 2, 3. In exchange for his cooperation, defendant was allowed to plead guilty to one count of conspiracy to defraud the government, 18 U.S.C. § 371, and sentenced to a two year term of imprisonment to run concurrently with a prior state sentence, in full satisfaction of charges arising out of his activities in connection with one Michael Franzese and his associates.

On August 5, 1987, the grand jury handed up the instant indictment charging the defendant with conspiracy, bribery, and possession of contraband. Count One charges that Caruso "[f]rom on or about July 1, 1986 up to and including January 12, 1987" conspired to bribe a corrections officer of the Metropolitan Correctional Center ("MCC") to obtain contraband. Count Two charges that "from in or about July, 1986 up to and including August, 1987," the defendant engaged in the bribery of a public official, namely the same corrections officer named in Count One. Count Three charges the defendant with possessing contraband in violation of 18 U.S.C. § 1791(a)(2) "from in or about July, 1986 up to and including January, 1987, in the Southern District of New York."

Defendant has moved this court for the following relief: (1) An order dismissing Counts One and Two of the indictment against him; (2) an order suppressing statements made by the defendant to officials of the MCC, or in the alternative, an order requiring a hearing on the admissibility of such statements; and (3) an order

dismissing Count Three of the indictment on the grounds that the period of time alleged is too vague to discern whether the possession occurred prior to the execution of the cooperation agreement or subsequent to the execution of the Agreement. For the reasons discussed below, the court denies defendant's motion in all respects.

## I. BREACH OF THE COOPERATION AGREEMENT

■ Defendant's first two requests for relief are based on the allegation that the United States breached the Agreement by bringing the instant indictment. The defendant contends that the offenses charged in Counts One and Two were allegedly committed prior to November 12, 1986, the date on which the Agreement was executed. Accordingly, the defendant contends, the crimes alleged in the indictment would not violate ¶ 3 of the Agreement, which requires Caruso not to engage in any future crimes. Further, the Agreement provides, according to the defendant, that "the government could not use anything he told them, directly or indirectly, in any criminal prosecution whatsoever." DePetris Affidavit ¶ 5. Finally, the defendant maintains that he was under a duty to provide federal officials with information regarding the conduct charged in the indictment because such conduct took place prior to the execution of the Agreement and therefore, pursuant to ¶ 5 of the Agreement, the information could not be used in a prosecution against the defendant. The court finds this argument unavailing.

The defendant was rewarded for his promise to cooperate by being permitted to plead guilty to one count of many potential ones; he was not given a license to steal or immunized from prosecution for all future crimes. Rather, the Agreement provides that statements made pursuant to the agreement will not be used against Caruso in any criminal prosecution, except for perjury or obstruction of justice.[1] *See* Agree-

---

1. The effect of the Agreement in this respect is analogous to the effect of the "use immunity"

granted to a federal grand jury witness who has invoked the fifth amendment. In that situation,

ment ¶ 5. Even if the court were to accept the defendant's argument *in toto*, all the Agreement would require is to suppress the statements Caruso made to the MCC officials. *See id.* Thus, defendant's argument that Counts One and Two should be dismissed misses the point and the motion must be denied as to Counts One and Two.

■ Defendant's argument suffers from a more critical flaw. The Agreement quite clearly is predicated on "your cooperation with the Department of Justice and other designated prosecutors and law enforcement agencies *in the investigations identified above.*" *See id.* at ¶ 1 (emphasis added). The statements that defendant requests this court to suppress can in no reasonable way be said to relate to the above-referenced investigations. Those statements refer to activity that arose exclusively after the defendant was detained at the MCC. Accordingly, because ¶ 5 of the Agreement does not apply to the conduct underlying the instant indictment nor does it apply to any statements made regarding such conduct, the court is impelled to deny the motion to suppress statements made by defendant.[2]

## II. VAGUENESS OF COUNT THREE

■ The defendant also moves this court to dismiss Count Three of the indictment on the ground that the time period alleged is too vague to allow the defendant to establish the time during which the possession of contraband is alleged. The indictment charges:

> From in or about July, 1986 up to and including January, 1987, in the Southern District of New York, the defendant, JOHN CARUSO, then being an inmate at the MCC, a federal correctional facility,

unlawfully, willfully and knowingly did possess, obtain and attempt to obtain certain objects, to wit, a television set, hair spray, cologne and other items of contraband.

The Second Circuit, when confronted with fifth and sixth amendment challenges based on vagueness, has "consistently sustained indictments which track the language of the statute and, in addition, do little more than state time and place *in approximate terms.*" *United States v. Trotta*, 525 F.2d 1096, 1099 (2d Cir.1975) (citing *United States v. Salazar*, 485 F.2d 1272, 1277 (2d Cir.1973), *cert. denied*, 415 U.S. 985, 94 S.Ct. 1579, 39 L.Ed.2d 882 (1974)) (emphasis added), *cert. denied*, 425 U.S. 971, 96 S. Ct. 2167, 48 L.Ed.2d 794 (1976). Count Three indeed tracks the language of the statute and the terms "July, 1986" and "January, 1987" state the time of the offense with sufficient particularity to satisfy the requirements of the fifth and sixth amendments as set forth by *Trotta.*

The defendant claims more particularly that Count Three is so vague that "it is impossible to check when the possession occurred and more specifically if the possession occurred before or after the defendant's cooperation agreement was signed, to wit: November 12, 1986." Notice of Motion at 2. This claim borders on the frivolous. Count Three of the indictment clearly states that the alleged wrongful possession of contraband occurred between July of 1986, at least three months prior to the execution of the Agreement, and continued until January 1987, at least six weeks after the Agreement was executed. There can be no doubt as to the time of the alleged offense in relation to the execution of the Agreement.

the witness is not immune from prosecution for any crimes to which he or she confesses before the grand jury, but rather, the government may not use the statements to the grand jury in a prosecution against the witness. The situation would differ in the case of a New York State grand jury, in which, for the moment, "transactional immunity" would be granted. The oft criticized doctrine of transactional immunity, indeed, immunizes a witness from prosecution for any criminal conduct that his or her statements to the grand jury implicate.

2. The court also notes that the indictment charges the defendant with crimes that continued beyond November 12, 1987. Therefore, even under defendant's interpretation of the agreement, the defendant's statements would be admissible against him because they regard crimes allegedly committed after the Cooperation Agreement was executed. Accordingly, the Cooperation Agreement arguably would not apply even if defendant's argument were accepted.

Accordingly, defendant's motion to dismiss Count Three of the instant indictment must be denied.

## III. AN EVIDENTIARY HEARING IS UNNECESSARY

■ The defendant also claims that at a minimum an evidentiary hearing is required to determine the issue of suppression of Caruso's statements to officials at the MCC. The court has determined that the Agreement does not encompass any statements made regarding the charges in the instant indictment. Because no reasonable interpretation of the Agreement could form the basis for suppression of such statements regardless of the defendant's state of mind or any other facts that might be adduced at such a hearing, there is no reason to grant defendant's request.

Further, the assertions made in support of the motion were made by affidavit of defense counsel, who does not have personal knowledge of the underlying facts. Without a supporting affidavit of someone with personal knowledge of the underlying facts, the court need not resolve factual disputes that may be presented by the moving papers. *See United States v. Martinez,* 634 F.Supp. 1144, 1147 (S.D.N.Y. 1986); *cf. United States v. Gillette,* 383 F.2d 843, 848 (2d Cir.1967). Therefore, even if the court had found that defendant's moving papers raised a factual dispute, it would not be bound to hold an evidentiary hearing on the basis of defense attorney's affidavit.

Accordingly, the court denies defendant's request for an evidentiary hearing.

### CONCLUSION

For the foregoing reasons the defendant's motions to dismiss Counts One, Two, and Three of indictment 87 Cr. 640, to suppress statements, and for an evidentiary hearing are hereby denied in all respects.

SO ORDERED.