**UNITED STATES of America, Appellee,**

v.

**Heriberto ASENCIO,
Defendant–Appellant.**

**No. 824, Docket 88–1318.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 23, 1989.

Decided May 1, 1989.

Stephen R. Murphy, Murphy & Koheler, Bayside, N.Y., submitted a brief for defendant-appellant.

Reid M. Figel, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., Kerri Martin Bartlett, Asst. U.S. Atty., New York City, on the brief), for appellee.

Before OAKES, Chief Judge, and NEWMAN, Circuit Judge, and HAIGHT, District Judge.*

JON O. NEWMAN, Circuit Judge:

This appeal challenges a conviction for possession of narcotics with intent to distribute primarily on the ground that the heroin was sold by federal narcotics agents. The challenge is made by Heriberto Asencio on an appeal from a judgment of the District Court for the Southern District of New York (Richard Owen, Judge) convicting appellant, after a jury trial, of

---

* The Honorable Charles S. Haight, Jr. of the United States District Court for the Southern District of New York, sitting by designation.

drug possession and conspiracy charges. We affirm.

Asencio was arrested as a result of what is sometimes called a "reverse" or "reverse buy" operation but which might more simply be called an undercover sale. Instead of the typical undercover operation in which a Government agent buys drugs *from* a suspected seller, this case involves a sale *to* a suspected buyer, albeit a buyer suspected of seeking drugs for resale. A Government informant contacted two suspected drug dealers and claimed that he was looking for a buyer of two kilos of heroin. The two dealers expressed interest, but the sale was not then made because the informant insisted on seeing a substantial sum of money and the dealers lacked the funds. The dealers then contacted Asencio, who had purchased heroin from them on prior occasions. Asencio supplied the dealers with $5,000. When the informant still balked until he had seen $100,000, the dealers took the informant to meet Asencio, whom they described, with fastidious regard for the modern conventions of genderless speech, as the "main person."

After further discussions and meetings, Asencio, the dealers, and the informant went to a bank where Asencio opened a safe deposit box and showed the informant approximately $50,000 in cash. The sale was then arranged for the afternoon of that day. At a location under surveillance by Government agents, the informant handed to one of the dealers a large package of white powder and a smaller "sample" package containing one-half a gram of heroin. The large package contained only dextrose. Immediately after the transfer, the two dealers were arrested. Asencio was arrested two hours later.

Asencio was indicted for conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846 (1982), and for possession with intent to distribute one kilogram of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B), and 18 U.S.C. § 2 (1982). Prior to trial, the Government and Asencio agreed to amend the substantive count to charge a violation of section 841(b)(1)(C), rather than 841(b)(1)(B), thereby eliminating both the element of possession of a quantity in excess of 100 grams of heroin and the mandatory five-year minimum sentence. The two drug dealers pled guilty and testified against Asencio, who was found guilty by the jury.

## Discussion

Appellant contends that the action of federal agents in selling narcotics, as contrasted to buying narcotics, in the course of an undercover operation is outrageous misconduct that justifies dismissal of the indictment either because such action offends the requirements of due process or requires judicial condemnation in the exercise of our supervisory power over the administration of criminal justice. Prior to the decision of the Supreme Court in *Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976), the Third and Fifth Circuits had held that a person could not be convicted of an offense involving contraband if the Government was the source of the contraband. *United States v. West*, 511 F.2d 1083 (3d Cir.1975); *United States v. Mosley*, 496 F.2d 1012 (5th Cir.1974) (relying on *United States v. Bueno*, 447 F.2d 903 (5th Cir.1971)).

In *Hampton*, however, the Supreme Court upheld the conviction of a defendant accused of selling drugs that he claimed had been supplied by a Government agent. A three-member plurality of the Court favored a *per se* rule that would have rejected all due process or supervisory power challenges to the actions of a Government agent in supplying contraband, remitting a defendant solely to the traditional defense of entrapment. 425 U.S. at 485–91, 96 S.Ct. at 1648–51. The two concurring Justices declined to embrace this rule, but expressed the view that a defense based on outrageous misconduct would be unlikely to succeed in the context of a contraband offense:

[T]he cases, if any, in which proof of predisposition is not dispositive will be rare. Police over-involvement in crime would have to reach a demonstrable level of

outrageousness before it could bar conviction. This would be especially difficult to show with respect to contraband offenses, which are so difficult to detect in the absence of undercover Government involvement.

*Id.* at 495 n. 7, 96 S.Ct. at 1653 n. 7 (Powell, J., with whom Blackmun, J., joins, concurring).

After *Hampton,* claims based on Government involvement in the undercover supplying of contraband have not been successful in this Circuit, *United States v. Corcione,* 592 F.2d 111 (2d Cir.), *cert. denied,* 440 U.S. 975, 99 S.Ct. 1545, 59 L.Ed. 2d 794 (1979); *United States v. Nunez–Rios,* 622 F.2d 1093 (2d Cir.1980), or elsewhere, *e.g., United States v. Stanley,* 765 F.2d 1224, 1230–32 (5th Cir.1985); *United States v. Parisi,* 674 F.2d 126 (1st Cir. 1982). In *Corcione,* we upheld a conviction for possession with intent to distribute where a Government agent bought drugs for the defendants and helped them to smuggle them into this country. In that case, however, we noted that the Government's role "was limited to facilitating what the appellants had started and were executing." *Id.* at 115. In *Nunez–Rios,* we upheld a conviction for selling drugs claimed to have been supplied by a Government agent.

The pending appeal presents facts that are arguably a shade more aggravated than those encountered in *Corcione* or *Nunez–Rios.* The role of the Government informant here was not limited to "facilitating" what Asencio had "started," and the defendant was not convicted of selling, but of possession with intent to distribute. Nevertheless, wherever the boundary line of outrageous Government misconduct may be, it has not been crossed in this case. The Government sought to apprehend those interested in obtaining quantities of heroin large enough for resale. Offering these willing buyers a chance to purchase what they thought was a kilo of heroin, but turned out to be dextrose plus one-half a gram of heroin neither offends due process nor occasions the exercise of our supervisory power. We express no view on the lawfulness of a conviction for simple possession of a small quantity of drugs for personal use where the drugs are supplied by the Government. This is clearly not that case.

Appellant's other contentions are entirely without merit and warrant no discussion. The judgment of the District Court is affirmed.