**UNITED STATES of America, Plaintiff,**

v.

**Arthur GAREY, Defendant.**

**No. 2:92–CR–83–01.**

United States District Court,
D. Vermont.

Jan. 25, 1993.

Paul Van de Graaf, Asst. U.S. Atty., Burlington, VT, for plaintiff.

Bradley S. Stetler, Burlington, VT, for defendant.

## OPINION AND ORDER

PARKER, Chief Judge.

On September 11, 1992, Defendant was arrested by agents of Bureau of Alcohol, Tobacco and Firearms (ATF) for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Upon arrest, Defendant was taken into custody and thereafter admitted that the firearm was his, that he knew he was a convicted felon and he knew he was prohibited from possessing the gun. Defendant also confessed to possession of the same firearm on an earlier occasion, May 16, 1992. On October 8, 1992, Defendant was indicted on two counts of possession of a firearm by a convicted felon. Count 1 charges that on May 16, 1992, the Defendant, a convicted felon, knowingly possessed a firearm in violation of 18 U.S.C. § 922(g). Count 2 charges that on September 11, 1992, the Defendant, a convicted felon, knowingly possessed a firearm in violation of 18 U.S.C. § 922(g). The Indictment also puts the Defendant on notice that the Government intends to seek an enhanced penalty pursuant to 18 U.S.C. § 924(e) on both counts.

The matters presently before this Court concern four motions filed by the Defendant: (1) a motion to dismiss Count 2 on the grounds that it violates Defendant's right to due process; (2) a motion to suppress the September 11, 1992 statements made by the Defendant to federal agents after his arrest as they were elicited in violation of his right to counsel under both the Fifth and Sixth Amendments; (3) a motion to sever the two offenses charged in the Indictment on the grounds that it

would be prejudicial to the Defendant to try them together; and (4) a motion to strike as surplusage the charges of several prior felony convictions in Count 1, and the incorporation of those charges in Count 2, on the grounds that the Government need only prove one prior felony conviction for the purpose of proving the substantive offense.

*Discussion*

## I.  MOTION TO DISMISS

Defendant moves under Federal Rule of Criminal Procedure 12(b)(1)–(2) to dismiss Count 2 of the Indictment.  Defendant claims that the governmental conduct leading to the Defendant's arrest and prosecution of this count violated Defendant's due process rights.  The Government responds that the conduct alleged as violating Defendant's constitutional rights did not rise to a level of egregiousness which implicates the Due Process Clause.

█  The issue of whether to dismiss a count in an indictment on the basis of outrageous governmental conduct is a question of law properly decided by this Court. *United States v. Cuervelo*, 949 F.2d 559, 567 (2nd Cir.1991).  As noted by the Second Circuit,

> There are significant differences between a claim of entrapment and a claim of outrageous governmental conduct.  A successful entrapment defense requires that a defendant convince the fact-finder that government agents induced her to commit an offense that she was not otherwise predisposed to commit.  (Citations omitted).  However, to obtain dismissal of an indictment based upon a claim of outrageous governmental conduct, a defendant must establish that the government engaged in outrageous behavior in connection with the alleged criminal events and that due process considerations bar the government from prosecuting her.

*Id.* at 565.

█  The facts relative to the conduct at issue here are not in dispute.  On May 16, 1992, Defendant was arrested by Burlington Police and charged with assault.  The police seized a firearm which was found in the car Defendant was driving at the time of his arrest.  On September 11, 1992, Defendant presented himself at the Burlington Police Department and requested the release of the gun.  Burlington Police were aware that ATF was conducting an investigation of Defendant's possession of firearms and immediately called ATF agents regarding the requested release.  The Burlington Police then gave the Defendant the firearm, knowing that he was a convicted felon.  Upon exiting the Police Department building, Defendant was arrested for possession of the gun by ATF agents who were positioned outside and waiting for him.  Defendant argues that such concerted efforts on the part of the Burlington Police and ATF agents constitutes a violation of his due process rights.

█  Following dictum in two Supreme Court cases, the Second Circuit has recognized that there are circumstances where government conduct in its investigation of a crime may be so outrageous as to bar the government from invoking judicial process to obtain a conviction.  *United States v. Zambrano*, 776 F.2d 1091, 1098 (2nd Cir. 1985) (discussing *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973) and *Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976)).  However, such conduct must be so egregious as to shock the conscience of the Court.  *Id.*  I do not find that the conduct at issue here rises to that level of egregiousness.  The Defendant himself initiated the release of the gun.  The Burlington Police facilitated the federal arrest by alerting ATF agents of the Defendant's request and then releasing the gun to him, but there is nothing in this set of facts which suggests outrageous activity which shocks the conscience of the Court.  Cooperation and assistance between federal, state and local authorities is an important link in governmental efforts to stop crime.

Moreover, the Second Circuit has. upheld governmental conduct in undercover operations in which federal agents knowingly facilitate the commission of a crime by

supplying controlled deliveries of contraband. *United States v. Asencio*, 873 F.2d 639, 641 (2nd Cir.1989). In *Asencio*, the Court held that governmental conduct which clearly amounted to more than mere facilitation did not offend due process. In that case government agents offered willing purchasers an opportunity to buy heroin for resale. *Id.* In the case at bar, the governmental officers did not offer the Defendant the gun, he requested it. Knowingly transferring the firearm to a convicted felon, notifying federal agents of that transaction, and the ensuing federal arrest is not governmental conduct which rises to the level of a constitutional violation of the Due Process Clause.

## II. RIGHT TO COUNSEL

### A. Sixth Amendment Right To Counsel

■ The Defendant argues that his right to counsel under the Sixth Amendment was violated when federal agents questioned him on September 11, 1992, about his possession of a firearm during the events which led to his arrest by state authorities on May 16, 1992. In that case, the State charged the Defendant with assault and arraigned him on July 7, 1992. Counsel was appointed for the Defendant. Thereafter, but prior to September 11, 1992, the Defendant pled no contest to the assault charge and was sentenced. He contends that his Sixth Amendment right to counsel, which attached upon his arraignment in the state case, carried forward into the federal investigation and therefore, any statements he made regarding the May 16, 1992 incident should be suppressed. In response, the Government argues that the Sixth Amendment right to counsel is offense specific and that since the federal and state offenses are separate offenses, his right to counsel did not carry over from the completed state proceeding to the federal case.

■ The Supreme Court has held that incriminating statements as to pending charges made subsequent to attachment of the Sixth Amendment right are inadmissible if made without a proper waiver of a defendant's right to counsel; however, evidence pertaining to charges as to which the Sixth Amendment has not attached are permissible at a trial of those offenses. *Maine v. Moulton*, 474 U.S. 159, 180, 106 S.Ct. 477, 489, 88 L.Ed.2d 481 (1985). At the time of questioning in the case at bar, the Defendant had not yet been formally charged or arraigned in connection with the federal offenses, *i.e.*, the adversarial judicial process had not yet begun. These facts standing alone, are generally sufficient to establish that a defendant's Sixth Amendment right had not yet attached. In addition, the Sixth Amendment right is offense-specific and "cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced." *McNeil v. Wisconsin*, — U.S. —, —, 111 S.Ct. 2204, 2207, 115 L.Ed.2d 158 (1991).

Defendant's argument that the federal prosecution is merely an extension of the state prosecution because it involves the same nucleus of facts is without merit. Notwithstanding the fact that separate governmental bodies are involved, the offenses charged are quite distinct. The state prosecution involved a simple assault charge while the federal case involves possession of a firearm by a convicted felon. Although technically related by a common nucleus of facts, they are separate crimes. *See United States v. Payne*, 954 F.2d 199, 204 (4th Cir.) (No Sixth Amendment right had attached regarding drug and weapon offenses even though technically related to a tax offense for which right to counsel had attached.), *cert. denied*, — U.S. —, 112 S.Ct. 1680, 118 L.Ed.2d 396 (1992). Accordingly, the post-arrest, but pre-indictment and pre-arraignment questioning in the federal investigation in this case did not violate Defendant's Sixth Amendment right to counsel.

### 2. Fifth Amendment Right To Counsel

■ Defendant also raises the issue of a denial of his Fifth Amendment right to counsel. He claims that for purposes of the federal investigation of the May 16, 1992 events, he invoked his Fifth Amendment right on July 7, 1992 when he requested that the state court appoint him counsel to handle criminal matters related to the May 16, 1992, incident. He further

argues that this invocation of his right to counsel was not voided by his sentencing on the state charges. The Government contends that with regard to the federal offenses, there was a break in custody between the state proceeding and the questioning by federal agents on September 11, 1992, thereby allowing the government to elicit a *Miranda* waiver from the Defendant. The Government claims that Defendant waived his Fifth Amendment right to counsel on September 11, 1992, and therefore his statements should not be suppressed.

■ The right to counsel which is derived from the Fifth Amendment differs from that which may be invoked under the Sixth Amendment. The Sixth Amendment protects a defendant at "critical confrontations" with the Government, in effect functioning to ensure a fair trial. *McNeil,* — U.S. at — — —, 111 S.Ct. at 2208–09. The Fifth Amendment protects a suspect's "desire to deal only with the police through counsel." *Id.* at ——, 111 S.Ct. at 2209. Thus, the Fifth Amendment right to counsel protects an individual at the pre-arraignment stage and thereafter whenever there is a custodial interrogation.

■ Once an individual asserts his right to counsel under the Fifth Amendment, all interrogation must cease until counsel is available. *Edwards v. Arizona,* 451 U.S. 477, 484–85, 101 S.Ct. 1880, 1884–85, 68 L.Ed.2d 378 (1981). Unlike the Sixth Amendment right, the *Edwards* rule is not offense-specific: "once a suspect invokes the *Miranda* right to counsel for interrogation regarding one offense, he may not be reapproached regarding *any* offense unless counsel is present." *McNeil,* — U.S. at ——, 111 S.Ct. at 2208 (*citing Arizona v. Roberson,* 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988)). However, the broad sweep of the *Edwards* rule does not apply to suspects who are not in continuous custody. *United States v. Packard,* No. 92–49 (D.Vt. October 16, 1992); *United States v. Hines,* 963 F.2d 255, 257 (9th Cir.1992); *McFadden v. Garraghty,* 820 F.2d 654, 661 (4th Cir.1987); *United States ex rel. Espinoza v. Fairman,* 813 F.2d 117, 125 (7th Cir.), *cert. denied,* 483 U.S. 1010, 107 S.Ct. 3240, 97 L.Ed.2d 745 (1987). In the case at

bar, even assuming that the Fifth Amendment right was invoked in the earlier state proceeding, Defendant cannot defeat the Government's argument that there was a definite break in the chain of custody between the state proceedings and the questioning by federal agents relative to the federal offenses. Defendant's Fifth Amendment right and the application of the *Edwards* rule was vitiated upon his release from state custody. Furthermore, invocation of the Sixth Amendment right does not imply an invocation of the Fifth Amendment right and accordingly, police may question a suspect about crimes not formally charged even though the suspect may have asserted his Sixth Amendment right as to other charges. *McNeil,* — U.S. at ——, 111 S.Ct. at 2209.

Since I do not find a violation of Defendant's Fifth or Sixth Amendment right to counsel under the theories presented by the Defendant, I hold that suppression of statements made to federal agents is inappropriate.

### III. MOTION TO SEVER OFFENSES

■ Defendant asserts that he may wish to present inconsistent defenses with regard to the two counts in the Indictment, or that he may wish to testify as to one of the charges but not the other. On these grounds he has moved this Court, pursuant to Rules 12(b)(5) and 14, for severance of the two offenses charged in this case. Fed.R.Crim.P. 12(b)(5), 14. The Government argues that the Defendant has failed to make a showing of sufficient prejudice to sustain his motion. I agree.

■ Rule 14 provides that offenses which have been joined for trial may be severed and tried separately if it appears that the defendant is prejudiced by a joinder. Fed.R.Crim.P. 14; *Cross v. United States,* 335 F.2d 987 (D.C.Cir.1964). The decision of whether to sever offenses is one that rests within the sound discretion of the Court. *United States v. Blakney,* 941 F.2d 114, 116 (2nd Cir.1991); *United States v. Werner,* 620 F.2d 922, 928 (2nd Cir.1980). On a motion for severance, the burden is on the defendant to make a convincing showing of substantial prejudice which outweighs the interest of judicial economy fa-

**1074**

voring joinder. *See Blakney*, 941 F.2d at 116.

In particular, Defendant in this case must make a showing that he has important testimony to give concerning one count, and a strong need to refrain from testifying on the other. *See Werner*, 620 F.2d at 930. In this case, the Defendant has made a clear statement that he has a strong need to refrain from testifying as to Count 1 due to his asserted defense of putting the Government to its proof on the element of knowing possession. However, he has failed to make a convincing showing that he has important testimony to give concerning Count 2. Merely stating that he may wish to testify about the unusual circumstances surrounding his arrest on September 11, 1992, does not constitute a showing that he has important testimony to give. Furthermore, I do not find that this case presents a set of complex facts such that a limiting instruction would not suffice to cure any confusion the jury might have regarding the separate offenses. Nor do I find that the Defendant will suffer extreme embarrassment in defending against these charges in a joint trial, since both the offenses and the evidence are related. *See United States v. Chevalier*, 776 F.Supp. 853, 858 (D.Vt.1991).

**IV. MOTION TO STRIKE SURPLUSAGE**

■ The Defendant has been charged with violating 18 U.S.C. § 922(g) in both counts of the Indictment. Section 922(g) requires the Government to prove that the Defendant has been convicted of a felony. The Indictment in this case alleges five prior felony convictions. Defendant now moves this Court to strike four of these allegations as surplusage which is prejudicial under Rule 7(d). As the Government points out in response, however, four of these allegations become irrelevant or cumulative only upon proof of one of the five. The truth of these allegations is tested at trial and therefore, Defendant's motion to strike is premature.

*Conclusion*

For the foregoing reasons, Defendant's motions to dismiss Count 2, to suppress statements made to federal agents, to sever offenses and to strike surplusage are HEREBY DENIED.

It is hereby ORDERED that the above entitled matter is scheduled as the number 2 case for trial by jury on Tuesday, February 23, 1993, at 9:30 a.m., with a chamber conference for all counsel at 9:00 a.m.

Counsel shall file any requests for voir dire of the jurors, requests to charge the jury and trial memoranda on or before February 15, 1993.

Counsel are hereby DIRECTED to inform the court of their best estimate of the length of this trial at the time of filing any requests for voir dire of the jurors, requests to charge the jury and trial memoranda.

If there is a change of plea, the court must be notified on or before February 18, 1993, and the plea entered on or before February 22, 1993.

All exhibits are to be marked prior to trial.