Filed 5/26/22  P. v. Martinez CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FLEMIN FERNANDO MARTINEZ,<br><br>    Defendant and Appellant. | A162809<br><br>(Napa County Super. Ct. No. 19CR002944) |

Appellant Flemin Fernando Martinez was tried before a jury and convicted of multiple sexual offenses against four separate child victims.  He contends that detectives were erroneously allowed to testify that although appellant had made several incriminating statements during a police interview concerning his sexual contact with one of the victims, he was not telling the whole truth because he denied having intercourse. Appellant argues that this amounted to an improper lay opinion regarding his truthfulness and his guilt of the one of the charges, which requires the reversal of at least one of the counts.  We question whether this issue was adequately preserved, but in any event, any error was clearly harmless.  We affirm.

1

# I. BACKGROUND

Given the nature of the sole issue on appeal, a detailed recitation of the facts is unnecessary. Suffice it to say that over a several-year period, appellant sexually molested two nieces with whom he lived (Jane Doe 1 and Jane Doe 3), one of their cousins (Jane Doe 2) and a neighbor who came over to the house to play (Jane Doe 4). The conduct began when the girls were as young as seven or eight and continued until Jane Doe 1 (the eldest) was 16.

The last assault was committed as Jane Doe 1 was preparing to go to work. Appellant forced her into his room and had sexual intercourse with her. Later, Jane Doe 1 told a friend that she had lost her virginity to her uncle, and that the sexual contact had been happening since she was younger. The friend told her own father, who called the police.

Detectives Barrera and Keown interviewed appellant, assisted by Detective Dodd, who had interviewed three of the victims. After appellant admitted having videos of the child victims on his cell phone, the detectives searched the phone and discovered several explicit videos of Jane Doe 1. One video appeared to depict Jane Doe 1 and appellant having sex, although it did not show penetration.

In the first interview with the detectives, appellant admitted that he had "crossed the line" with Jane Doe 1, but although he acknowledged caressing her, getting naked with her, kissing her, and having oral sex, he denied penetration. Detective Dodd employed a ruse whereby he put on some gloves, picked up a cup from which appellant had been drinking, left the

room, and then typed up a piece of paper stating that appellant's DNA was a positive match. Appellant was told that the DNA evidence showed that he had penetrated Jane Doe 1, but he continued to deny it. In a second interview the following day, appellant admitted sexual acts with Jane Does 2, 3 and 4.

Appellant was charged by amended information with six counts of lewd acts upon a child under the age of 14 against Jane Doe 1 (Pen. Code, § 288, subd. (a)[1]; counts 1–6); two counts of oral copulation/sexual penetration with a child under 10 years of age against Jane Doe 1 (§ 288.7, subd. (b); counts 7–8); forcible rape of Jane Doe 1 (§ 261, subd. (a)(2); count 9); two counts of lewd acts upon a child under the age of 14 against Jane Doe 2 (§ 288, subd. (a); counts 10–11); two counts of lewd acts upon a child under the age of 14 against Jane Doe 3 (§ 288, subd. (a); counts 12–13); two counts of lewd acts upon a child under the age of 14 against Jane Doe 4 (§ 288, subd. (a); counts 14–15); using a minor (Jane Doe 1) to pose for sex acts (§ 311.4, subd. (c); count 16) and possessing matter depicting a minor engaged in sexual conduct (§ 311.11; count 17). Several counts included special allegations under the One Strike law and probation ineligibility statutes. (§ 667.61, subds. (b), (e), (j)(2), 1203.65, subd. (a), 1203.066, subd. (a)(7) & (8).) Appellant was sentenced to 195 years to life plus two years in prison after a jury convicted him of all counts and found the special allegations to be true.

---

[1] Further statutory references are to the Penal Code.

3

## II. DISCUSSION

A witness may not offer opinion testimony about the truthfulness of statements made by another person. (*People v. Melton* (1988) 44 Cal.3d 713, 744 (*Melton*) [lay witness]; *People v. Coffman & Marlowe* (2004) 34 Cal.4th 1, 82 (*Coffman & Marlowe*) [expert witness].) Nor may a witness give an opinion as to the guilt or innocence of the accused. (*People v. Torres* (1995) 33 Cal.App.4th 37, 46–47.) Appellant contends that his rights to due process and a fair trial were violated because detectives testified that they had believed appellant was not telling the whole truth during one of his police interviews. Assuming error, reversal is not required.

Count 9 charged appellant with the forcible rape of Jane Doe 1. In his interview with Detectives Barrera, Keown and Dodd, appellant admitted committing several sexual acts with Jane Doe 1, but he maintained that he did not rape her and that there had been no penetration of her vagina with his penis. The detectives employed a ruse to try to get him to admit penetration, by pretending to take his water cup away to be tested for DNA evidence and then falsely telling him the evidence showed there had been penetration. After the ruse, appellant acknowledged that his penis might have hit Jane Doe's vagina, but he continued to maintain there had been no penetration.

Detective Dodd testified at trial about the reason for the DNA ruse: "He was providing some information to Detective Barrera about being partially naked with I believe it was [Jane Doe 1]. And he was telling some of the truth, but not all of it."

4

Dodd continued, "When [appellant] started to tell the truth, he was somewhat all the way there, but he hadn't told us everything that had happened."

Detective Barrera echoed this explanation for the DNA ruse: "So we used it in this case because one, as we were—as I was interviewing the defendant, he was giving me disclosures, kind of like in segments. [¶] He was giving, you know, first it started with the touching, then the cuddling. After making the initial disclosure about the Saturday incident, we knew—I knew about [Jane Doe 1]'s statement prior to that. And it—it just seemed like he wasn't giving the entire truth to us, because it kept getting worse, kept going from cuddling, to then touching over the clothes, to then being nude. [¶] So it was decided that we were going to do the DNA ruse to either see if he was going to deny having sex with [Jane Doe 1], or continue denying it or would just provide a statement as to how. . . she had been raped."

Appellant claims this testimony was an opinion about both the truthfulness of his statements and his guilt of the rape charged in count 9, and as such was inadmissible. We assume, for the sake of argument, that appellant is correct on this point.[2]

---

[2] The Attorney General argues that lay opinion regarding truthfulness is not categorically inadmissible when it is based on personal knowledge of the witness and may assist the jury in assessing credibility. We need not decide whether this is a correct interpretation of the law or whether it rendered the evidence admissible in this case because the detectives knew of the victims' statements and the explicit videos of Jane Doe 1 when they interviewed appellant.

But he did not object to this testimony on the ground of an improper opinion (or on any other ground) and he has therefore forfeited his arguments on appeal. (*People v. Chatman* (2006) 38 Cal.4th 344, 397 [defendant who did not object to a witness's observation of defendant's mental state as improper opinion testimony cannot raise claim on appeal].) And even if we were to address his arguments on their merits to forestall his alternative claim of ineffective assistance of counsel in failing to object (*People v. Scaffidi* (1992) 11 Cal.App.4th 145, 151), we would reject the claim that reversal is required.

The erroneous introduction of opinion evidence is subject to the standard of review for state law error. (*Coffman & Marlowe*, *supra*, 34 Cal.4th at p. 76.) We will reverse the judgment only when there has been a miscarriage of justice—when it is "reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*People v. Watson* (1956) 46 Cal.2d 818, 836; see *Melton*, *supra*, 44 Cal.3d at p. 745 [finding no miscarriage of justice in evidence suggesting a witness found a statement unworthy of belief].)

As appellant appears to recognize, the detectives' testimony about their belief that appellant was minimizing his conduct by denying penetration pertains directly only to the forcible rape charged in count 9. Even if we assume it could have affected the other counts, the other evidence on all the counts was overwhelming. The victims' testimony was compelling and, with the exception of Jane Doe 1's testimony regarding penetration,

was uncontradicted.  Appellant made statements to the detectives admitting the sexual conduct constituting the offenses other than the rape of Jane Doe 1, and he did not present any evidence at trial which suggested there was some basis for mistrusting the victims or for disregarding his admissions.  The jury saw the videos of Jane Doe 1 that appellant kept on his phone, one of which appeared to depict sexual intercourse, even if the actual penetration was not captured on film.

"The jury's exposure to the unsurprising opinions of the investigating [detectives] that [they] believed the person charged with the crimes had committed them, and was untruthful in denying his guilt, could not have influenced the verdict— especially in light of the overwhelming evidence against [appellant]." (*People v. Riggs* (2008) 44 Cal.4th 248, 300–301.)

### III.  DISPOSITION

The judgment is affirmed.

7

_____

                          NEEDHAM, J.

We concur.

_____

JACKSON, P.J.

_____

SIMONS, J.

*People v. Martinez* / A162809